Franklin,
January,
1837.

## OEL ANDERSON *v.* NORMAN DAVIS.

1. A promise to pay the debt of a third person is a collateral promise, and within the statute of frauds, and must be proved in writing, if the original debtor still remains liable for the debt; but if, by the terms of the contract, the original debtor is discharged, and it remains no longer a debt against him, it is an independent contract, and not within the statute.

2. In such case the original debtor is not a competent witness for the plaintiff.

This was an action on book, which, after judgment to account, was referred to an auditor, by the County Court. By the auditor's report, it appeared that the defendant contracted with one Lamb, to erect a certain building, at a certain price. Afterwards, Lamb engaged the plaintiff, as his partner, of which the defendant had no notice. Lamb and the plaintiff worked on the building, for a time, when Lamb was taken sick, and the work ceased. The plaintiff then called on the defendant, who promised to pay him for the work, by him already done, and the days work he should afterwards do. The plaintiff's account includes both. On the hearing, before the auditor, the plaintiff, to prove his case, and the defendant's undertaking, introduced the said Lamb, as a witness, to which the defendant objected, but he was admitted by the auditor, and testified. The County Court accepted the auditor's report, though excepted to, and rendered judgment for the plaintiff, for his whole account—to which the defendant excepted, and the cause passed to the Supreme Court.

The opinion of the Court was delivered by

COLLAMER, J.—The first question, arising on this report, is this ; can an action be supported by the plaintiff for his labor, done before the defendant's promise, except by proving that

promise in writing, and by an action of special assumpsit there- Franklin, January, 1837.
on? In the case of *Harrington* v. *Rich*, 6 Vt. Rep. 666, the
Judge, in delivering the opinion, remarks, that it has not been Anderson v. Davis.
settled under our statute, as it has in England, that, if in taking
the new promise the original debt becomes discharged, the prom-
ise is not within the statute of frauds. That is now the ques-
tion. There was no original privity between these parties. The
defendant employed Lamb, and Lamb employed the plaintiff.
To Lamb alone could the plaintiff look for his labor, up to the
time of the defendant's promise to the plaintiff. There is no
pretence that the promise was in writing, and, if it is within the
statute of frauds, the plaintiff cannot recover. If the defendant
became holden to the plaintiff for this claim against Lamb, as
*collateral* to Lamb, and the claim still remained against Lamb,
it was within the statute. But if the defendant was to assume
the debt, and he, alone, to be holden, and Lamb to be dis-
charged, then the contract was not collateral, but independent,
and not within the statute, and required no note in writing nor
special action therefor. This is fully settled in England, *Good-
man et al.* v. *Chase*, 1 B. & A. 297, and in the State of New
York, (*Kent, C. J. In Leonard* v. *Vredenburgh*, 8 Johns. Rep.
29,) upon statutes, of which ours is a transcript, and no reason
is seen why ours should not receive the same construction. The
report is not so clear on the point, whether Lamb was to be fur-
ther holden, as could be desired; but assuming that the contract
was, that the plaintiff was to have no further claim on Lamb,
and that this was what constituted the consideration for the de-
fendant's promise, together with the plaintiff's continuing his work,
this brings us to another point in the case.

On the trial, the plaintiff proved his case, in whole or in part,
including this contract between the parties, by the testimony of
this same Lamb, though objected to by the defendant. It has
already been shown, that the plaintiff, in proving his case, must
show, in effect, that the defendant assumed this claim against
Lamb, on whom the plaintiff was to have no further claim.
This would entirely release Lamb, as he would thereby be clear
from the plaintiff. Lamb had no claim on the defendant, as he
never completed the building, and the defendant, even if he
paid the plaintiff, would have no claim on Lamb, as the latter never
requested such payment. This was a result, which Lamb was
directly interested to produce, and which a recovery by the

Franklin,
January,
1837. plaintiff would produce.  Lamb was, therefore, not a compe-
tent witness, for the plaintiff.              Judgment Reversed.
                                              Report Recommitted.

Anderson
v.
Davis.

Smalley & Adams, for Plaintiff.
——————— ——————— for the defendant.