## BUMFORD v. PURCELL.

B., as principal, and P., as security, signed a note to D., for town lots purchased by B.  Before the notes matured, B. proposed that he would relinquish the lots to P., if P. would pay the note, and save B. harmless.  B. soon after left the state.  After judgment was obtained against P. on the note, he paid the same; and subsequently, in a suit against B. for the amount, B. proposed to prove by parole, the agreement under which P, was to pay the note, and B. relinquish to him the lots; held, that parole proof was not admissible, and that such an agreement, unless in writing, is within the statute of fraud, and void.

A parole promise to pay the debt of another, without consideration, is void by the statute of frauds, even if that promise was made by a party who signed the note as security or indorser.

All contracts for the sale of land, or for any interest in or concerning them, should be in writing; hence an agreement by B. to relinquish a purchase of lots to P., upon condition that P. would pay B.'s note to D., which was signed by P., as security, should be in writing.

### Appeal from Muscatine District Court.

*Opinion by* GREENE, J.   This action was commenced by Jesse Purcell, to recover from Samuel Bumford the amount of a judgment paid by him for Bumford, and which had been rendered against Purcell, on a note which he had signed as security for Bumford.   Defendant, in his answer, denied the indebtedness, and alleged that plaintiff agreed to pay the note, and take certain town lots in payment. Plaintiff's replication re-asserts the indebtedness, as averred in the petition, and denies the allegations in the answer as to his agreement to pay the note and take town lots in return.   Trial by jury.   Verdict ¦and judgment for plaintiff.

On the trial below, it appeared that the note signed by Samuel Bumford and Jesse Purcell, was given in payment

of certain lots bought by Bumford, in Maysville, Indiana ; that before the note became due, Bumford left the state, so that Purcell had the note to pay ; that before Bumford left the State, and before the note became due, Bumford proposed an arrangement with Purcell, who was the surety on the note, that he should pay the same, and take Bumford's place ; and agreed to relinquish his right to said lots to Purcell; and that they started to a magistrate's office to perfect the arrangement. The court ruled that the promise of Purcell to hold and save Bumford from liability on the note, should have been in writing in order to be binding, and that Bumford's relinquishment of title in said lots to Purcell should have been in writing ; and that parole testimony could not be received to establish said arrangements. This ruling of the court is assigned for error, and involves two propositions : 1. That Purcell's undertaking to pay the note for Bumford must be in writing. 2. Bumford's agreement to relinquish the lots to Purcell should also be in writing.

1. The first proposition comes within that provision of the statute of frauds which excludes evidence of a contract, wherein one person promises to answer for the debt, default or miscarriage of another, unless such contract is in writing; Code, § § 2409 and 2410. This is a uniform requirement in every statute of frauds. In some of the states it has been held that such contract must not only be in writing, but the consideration must be good ; *Wyman* v. *Gray,* 7 Har. and J., 409 ; *Elliott* v. *Giese,* ib., 457; *Elder* v. *Warfield,* ib., 391 ; *Mundy* v. *Ross,* 3 Green, 466 ; *Colgin* v. *Henley,* 6 Leigh., 85. In *Caston* v. *Moss,* 1 Baily, 14, it is declared that a promise to pay the debt of another, without consideration, is void by the statute of frauds, unless it be in writing ; *Anderson* v. *Davis,* 9 Verm., 136 ; *Clark* v. *Russel,* 3 Dall., 415 ; *Hoppork* v. *Wilson,* 1 South., 149; *Ditts* v. *Parke,* ib., 219 ; *Youngs* v. *Sough,* 3 Green, 27;

*32

Bumford *v.* Purcell.

*Boyce* v. *Owens*, 2 McCord, 208 ; *Stephens* v. *Winn*, 3 Brevard, 17 ; *Bronson v. Strand*, 2 McMullan, 372.

In *Hodgkins* v. *Bond*, 1 New Hamp., 284. A and B. gave a note to C., and afterwards, in order to procure a further day of payment, agreed to procure the guaranty of D ; D. accordingly signed the note in blank, and said he was liable for its payment; held, that the undertaking of D. was to pay the debt of another, and that his mere signatures was not a memorandum in writing, signed by the party within the meaning of the statute of frauds.

In the case at bar, it is true that Purcell was legally liable as surety to pay the note to the holder, but that liability did not exist as between Purcell and Bumford. No consideration or argument in writing had passed between them. Bumford agreed to relinquish his right to the lots, but did not do so. A promise to release, is not a relinquishment. A promise to pay, is not a payment. Even an agreement in writing to answer for the debt of another, has been held to be void, if no consideration move between the plaintiff and defendant, either of forbearance or otherwise ; *Elliot* v. *Giese*, 7 Har. and J., 458 ; *Leonard* v. *Vrendenbugh*, 8 Johns., 29 ; *Bailey* v. *Freeman*, 4 John., 280 ; *Tainney* v. *Prince*, 4 Pick., 385.

The bill of exceptions shows that the parties agreed to make an agreement, but the agreement was not closed. Consequently the relation between the parties was not changed.

If the promise in this case had been complete and absolute, and founded upon an actual legal transfer of the lots to Purcell in writing, that transfer coupled with Purcell's liability to pay the note as security or indorser, would remove the case from the statute. In *Spunn* v. *Baltzell*, 1 Branch., 281, it is decided that an absolute promise by an indorser of a note, founded on a new and valuable consideration, to pay the amount of such note to the holder, is not within the statute of frauds. In the absence of such new and valuable consideration, or

Bumford v. Purcell.

if the promise is not absolute, only conditional, dependent upon a condition to be performed, it follows that shuch promise would be within the statute and void; and although the indorser might be required to pay the note as indorser or surety, he could hold the maker or payor for the amount. As the bill of exceptions shows that the defendant in this case, did not propose to prove an absolute promise to pay the note founded upon a new and valuable consideration, the court very properly refused to admit parole proof of such promise.

2. That Bumford's agreement to relinquish the lots to Purcell, should have been in writing, cannot be questioned. All contracts for the sale of lands, or for the sale of any interest in or concerning them, should be in writing and signed by the party to be charged therewith. This principle is recognised in every state of the Union, and is embodied into every statute of frauds. It has been so long and so generally recognized in all countries where the common law is in favor, that it may now be considered an established principle of law, in the absence of the statute of frauds. Chitty on Con., 241, n. 1; ib., 243, notes, 1 and 2; 2 Stark Ev., 347, n. 1.

We find in *Hasbrouck* v. *Tappen*, 15 John. 200, a case involving principles of law which are particularly appropriate to this case. In that case, it was held that when the subject matter of an agreement was the sale of land, a parole promise, made by the vendor, that he would take no advantage of a delay of performance beyond the time fixed, was not deemed a waver of the party's right to recover a stipulated sum, as liquidated damages for not performing on the day; such promise being void by the statute of fraud, and therefore incapable of affecting the previous contract.

Upon the same principle in this case, the subject matter of the agreement being the sale or transfer of lots, a parole promise made by the security to pay the note in consideration of a transfer of the land, and as no such transfer was

made, the entire transaction for a double reason should be considered within the statute of fraud ; and the security should not be deemed as having waved his right to recover from Bumford, the amount he had paid for him. We say for a double reason, because this contract as stated in the bill of exceptions, embraces two distinct stipulations, neither of which can be supported by evidence under the Code, unless it be in writing and signed by the party charged, or by his lawfully authorized agent. 1. The stipulation wherein one person promises to answer for the debt of another. 2. The stipulation for a transfer of an interest in land, Code § § 2409, 2410. Similar provisions have been either expressly adopted or recognized as common law throughout the United States.

The policy of the law in requiring such contracts to be reduced to writing and subscribed by the party to be affected, is founded on wisdom and justice. Owing to the fallibility of memory, and the uncertainty of parole proof, the common law had very wisely forbidden a resort to that kind of proof, to vary, contradict or explain, a written contract. Nor should that fallible and uncertain kind of proof be permitted to supersede the necessity for written contracts, in those more solemn and weighty transactions between men, wherein fraud was most likely to enter. From remotest antiquity, laws have required more form and solemnity in real estate transactions, than in those affecting mere chattel interests. The greater stability, dignity and value of freehold, rendered it all important, that titles thereto should become matter of record, and be removed as far as possible beyond fraudulent efforts.

The other transactions protected under the statute of fraud, by requiring greater formality and care are materially different from the ordinary transaction in business life, wherein the utmost facility is necessary to promote the interests of trade and commerce. The experience of several generations, has demonstrated the great utility and wisdom of the statute of frauds, and therefore courts should require

at least a substantial observance of those salutary provisions. For that reason the decision in this case, should not be disturbed.

Judgment affirmed.

*Cloud* and *O'Connor*, for appellant.

*W. G. Woodward*, for appellee.