SMITH WAIT, *apt. v.* THE EXECUTOR OF JOSEPH H. WAIT.

### Statute of frauds. Consideration of deed. Evidence.

A parol promise to pay the debt of another in consideration of property placed by the debtor in the promisor's hands, is not within the statute of frauds. It is an original promise, and binding upon the promisor; and, in this respect, it is immaterial whether the liability of the original debtor continues or is discharged.

The testator in consideration of the conveyance of a farm to him, upon which the plaintiff, at the request of the testator's grantor, had erected a barn, promised to pay the plaintiff the cost of said barn, *Held* that this promise, being made upon a new consideration, was binding, though it was not in writing, and though the original liability of the grantor remained undischarged.

The grantor's deed to the testator was for the expressed consideration of $3.000, and the testator gave to the grantor a bond and mortgage, providing for his support, and the payment of specified sums to his daughters. *Held* that though the bond might be the only evidence as to the extent of any personal claim in favor of the grantor, yet that it would not prevent the plaintiff from showing the existence of an additional and suppletory agreement by parol, in his own favor, as entering into and constituting a part of the consideration expressed in the deed.

APPEAL from the decision and report of commissioners, disallowing a part of the appellant's claim against the estate of Joseph H. Wait, deceased. The nature of the claim, and the facts in relation thereto, sufficiently appear in the opinion of the court. The county court, September Term, 1855,—PIERPOINT, J., presiding,—rendered judgment in favor of the appellant for the amount of his claim. Exceptions by the appellee.

*D. E. Nicholson* and *C. L. Williams* for the appellant.

*B. Frisbie* and *E. Edgerton* for the appellee.

The opinion of the court was delivered by

ISHAM, J. This is an appeal from the decision of the probate court, disallowing the plaintiff's claim against the estate of Joseph H. Wait. The plaintiff claims the sum of $140,00 for his expenses in erecting a barn on premises then owned by Joseph Wait. The barn was erected at the request of Joseph Wait, under his assurance that by some arrangement the premises should be conveyed to the plaintiff, so that he should have the benefit of his labor and expenses ; or if the premises were conveyed to another, that person should pay the amount expended in erecting the building. In 1847, Joseph Wait conveyed these premises and this barn to Joseph H. Wait, and they now constitute a part of his estate. The fact is found by the auditor, that soon after that conveyance, Joseph H. Wait informed the plaintiff that there was an understanding between him and Joseph Wait, that he was to pay him for building the barn, and that he would do it as soon as he could. This promise the auditor finds was repeated on several occasions down to 1851, and that in their last conversation, the deceased recognized the debt as due from him, and promised to pay it. It is now insisted that this promise to pay the plaintiff his claim is void under the statute of frauds, it not being in writing, and being a promise to pay the debt of another. The payment of this claim due the plaintiff was a part of the consideration for which those premises were conveyed to the deceased, and was made at the request of Joseph Wait, in fulfilment of those assurances which had been given to the plaintiff. That is plainly the finding of the auditor, and the only reasonable construction that can be given to his language throughout his report. Under those circumstances, we think, the authorities are clear that this promise is founded upon a sufficient consideration, and that it is to be regarded as an original and binding contract. There is no doubt that a promise to pay the debt of another, though made at the same time the credit was given to the principal debtor, will be void, under the statute, if not in writing. The same result follows, where such a promise is subsequently made, if the consideration of that promise is the subsis-

ting liability of the original debtor.    The promise in those cases is collateral, and therefore void ; and the promise will be deemed collateral, so long as the liability of the original debtor continues. The cases of *Fish* v. *Hutchinson,* 2 Wils. 94; *Charter* v. *Beckett,* 7 Term 201, and *Wain* v. *Walters,* 5 East 10, are illustrations of that principle.    But that principle has no application to cases where the original debtor places property of any kind in the hands of a third person, and that person promises to pay the claim of a particular creditor of the debtor.    The promise in such case is an original promise, and the property placed in his hands is its consideration.    In this class of cases, it is immaterial whether the liability of the original debtor continues or not.    In the case of *Farley* v. *Cleveland,* 4 Cowen 432, SAVAGE, CH. J. observed that " when there is a new and original consideration of benefit to the " defendant, or harm to the plaintiff, moving to the party making " the promise, the subsisting liability of the original debtor, is no " objection to the recovery."    In 1 Smith's Lead. cases 329, this subject is examined by the American editor, and from a review of the authorities on this question, he observes that " a promise to " pay an antecedent debt, in consideration of property placed in the " hands of the promisor by the debtor, has been held not to require " a writing to give it validity, and that it seems reasonably well set- " tled, that a verbal promise to be answerable for the antecedent " debt of another will be valid, where it is made upon a new and " independent consideration, although the debt itself still remain in " full force ; but that where the consideration grows out of the " original contract, the promise will be within the statute."    The cases there referred to on this subject are numerous, and fully sustain this principle.    The case under consideration clearly falls within the application of that doctrine.    The promise by the defendant to pay this debt of the plaintiff is fully found by the auditor ; its consideration was not the subsisting liability of Joseph Wait, neither did it arise out of the original contract, but from property placed in the defendant's hands for that purpose by the original debtor.    We are satisfied that the promise of the defendant in this case, is to be regarded as an original promise founded upon a new consideration, and legally binding upon him.

On the trial of this case it was insisted that parol evidence was

inadmissable to show that the payment of this debt was a part of the consideration for which the premises were conveyed by Joseph Wait to the deceased, as it contradicted the deed and bond which is made part of this case. The consideration of the deed is expressed to be for the sum of three thousand dollars. The bond was given to support the grantor and his wife during their lives, and to pay specified sums in money to his three daughters, amounting to the sum of five hundred dollars. As between Joseph Wait and the deceased, it is possible the bond would be evidence of the extent of his claim. The object of the bond was to secure the support of the grantor and his wife, and the payment of certain sums as a family settlement of his estate. It was not intended to cover all the obligations assumed by the grantee. The plaintiff is not a party to the deed or bond. The object of the testimony is not to show a different obligation from that expressed in the bond, nor to vary or affect the legal operation of the deed, but to show that the payment of this debt was a part of the three thousand dollars which is expressed to be the consideration of the deed. The execution of the bond was reducing to writing only a part of the consideration of the deed, and that part only, which was to be rendered to the grantor. In such case, it is competent to prove an additional and suppletory agreement by parol, as that the remaining part of the consideration was to be paid to the plaintiff; *Bowen* v. *Bell*, 20 John. 341 ; Greenl. Evid. § 284, a. § 304 ; *Jeffeny* v. *Walton*, 1 Starkie 267 ; *Rockwood's case*, 1 Cro. Eliz. 164. We think the testimony was admissable, and that the plaintiff is entitled to recover the amount of his claim.

The judgment of the county court is affirmed, and the case is to be certified to the probate court.