EDWARD T. WATSON v. JOSEPH L. JACOBS.

*Statute of frauds. Promise to pay the debt of another. Book account.*

One S. was indebted to the plaintiff for the making of a coat which had not been fully delivered to him. The defendant promised to pay the debt, and thereupon the plaintiff let S. leave the state with the coat and discharged him from the debt. *Held,* that the defendant's promise was not within the statute of frauds; that it was founded upon a sufficient consideration; that the debt thereby became the sole debt of the defendant; and that a recovery might be had for it in an action on book account.

BOOK ACCOUNT. The auditor reported the following facts :

About the 25th day of March, 1854, George R. Solomons brought to the plaintiff's shop in St. Albans a piece of broadcloth and requested the plaintiff to make a coat for him, and to furnish the trimmings. When the coat was finished Solomons called for it. The plaintiff handed it to him, when Solomons requested him to go with him to the store, where he had been employed as clerk, for his pay. The plaintiff and Solomons went to the store, Solomons carrying the coat, and when they arrived there Solomons said he had not money enough to pay the plaintiff's account against him and his fare to Malone, where he was about to go, and requested the defendant, who was a clerk in the same store, to pay the plaintiff. The defendant said he had not then the money but that he would pay the plaintiff his bill the next week ; and upon being

further asked by the plaintiff if he would pay the bill, the defendant replied, " I will next week;" and thereupon the plaintiff left the store and permitted Solomons to leave the state with the coat. The auditor found that Solomons was thereby discharged from the debt, and that the plaintiff would not have permitted Solomons to leave the state with the coat unless the defendant had made the promise to pay that he did; and that ever after that the plaintiff looked to the defendant alone for his pay.

The counsel for the defendant objected to any recovery by the plaintiff because the defendant's promise to pay the debt of Solomons' was not in writing, and claimed that if the promise had been in writing, an action on book was not the proper remedy; but the auditor found that the plaintiff was entitled to recover the amount of his original debt against Solomons, with interest; and the county court, June Term, 1856, rendered judgment upon the auditor's report in favor of the plaintiff, to which the defendant excepted.

*G. F. Houghton,* for the defendant.

Judgment for the defendant should be rendered upon the auditor's report for the following reasons:

1. The defendant is sued upon a debt due from one George R. Solomons to the plaintiff. 2. The verbal engagement made by the the defendant was void as without consideration of benefit or harm from said promise. 3. The promise was to pay the antecedent debt of Solomons, and was not in writing. 4. Solomons continues still liable to the plaintiff. The plaintiff's allowing him to leave the state does not discharge the original debtor. The inference of law drawn by the auditor is not well founded. 5. If the defendant is liable at all, it must be upon his special promise, and an action on book will not support that promise. On these points *vide* 1 Smith Leading Cases, secs. 269, 270, 273, 274; *Nelson* v. *Boynton,* 3 Met. 396; 3 Kent's Com. 122–3.

*H. G. & L. H. Edson,* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question in the present case is whether the liability comes within the statute of frauds. And

Watson *v.* Jacobs.

this depends upon whether the primary contractor was released from his liability at the time the defendant became liable. This depends to a great extent upon the construction of the report. The general statement of facts indicates very clearly that the plaintiff looked exclusively to the defendant. He did not fully surrender his control over the coat until the defendant consented to assume the debt. He then suffered the first contractor to depart out of the country, and the auditor says " he was thereby discharged from the debt." This, we think, can import nothing else but that the defendant was sole debtor. If this case stood against Solomons, upon this state of facts, it would certainly be impossible to give judgment against him. And if the primary debtor is released and the secondary liability is the sole debt, all the cases agree that it does not come within the statute of frauds; *Birkmyr* v. *Darnell,* 1 Salk. 27; 1 Smith's L. C. 134 and notes; *Anderson* v. *Davis,* 9 Vt. 136.

Something is said in argument in regard to the defendant's undertaking being upon sufficient consideration; but in the view we take of the case there can be no question of the consideration; and, as it became the sole debt of the defendant, we see no objection to the recovery in this form of action.

It is obvious to us that the county court gave the same construction to the report which we have done, and that construction of the court to whom the report is made is one which ordinarily this court would feel bound to adopt.

Judgment affirmed.