SENECA SMITH *v.* THE ESTATE OF DELIVERANCE ROGERS, *deceased, testate.*

*Consideration. Statute of Frauds. Interest.*

The receipt by one person of the property of another, for the purpose of paying the latter's debts, constitutes a sufficient consideration for a subsequent promise by the former to a creditor of the latter to pay his claim.

The testator had received from R. a transfer of the latter's property, and had also brought a suit against R. and attached the same property. The plaintiff, a creditor of R., claiming that the testator had received R.'s property without consideration, and that he had no debt against R., procured a writ in his favor against R., in order to attach the property so transferred and to summon the testator as R.'s trustee. Before this writ was served the testator told him that if he would hold on he would pay him his claim against R. The plaintiff, in reliance upon this promise, forbore to have his writ served, and the property was sold upon the testator's execution. *Held,* that the testator's promise was based upon a sufficient consideration, and that it was an original undertaking and not within the statute of frauds.

After the promise the plaintiff, by the testator's direction, took notes to himself from R., for his debt, payable with annual interest. *Held,* that, notwithstanding this, the plaintiff, as against the testator, was only entitled to simple interest upon his debt against R.

This was an appeal from the decision of commissioners upon the estate of Deliverance Rogers. The case was referred, and the referee reported the following facts :

On the 16th of November, 1846, one Randall was, and had for several years previously been, in the occupancy of a farm in Derby, belonging to the testator, Rogers, upon shares. Randall had upon the farm at that time, stock and property to the value of about fourteen hundred dollars, in which Rogers had some interest, to the amount of one-half or more. At this time Randall was indebted, among other creditors, · to the plaintiff Smith, on book. At this time Randall executed a note to Rogers for three hundred dollars, whether with, or without consideration, or full consideration, did not appear. Rogers at that time claimed before the note of three hundred dollars was executed, that Randall owed him about eighty dollars ; that Randall was indebted to him ; and it then appeared that he was owing many others ; but they did not make any settlement of their

matters in the presence of any person; and the three hundred dollar note was made and signed privately between Rogers and Randall; and the note was, after its execution, delivered to Randall to be taken back to Danby, from Granville where the said Rogers resided.

On the 17th of November, 1846, Rogers commenced a suit in his favor against Randall, and duly attached all of Randall's property.

On the same day of the attachment thus made by Rogers, and after it had been made, the plaintiff procured a writ of attachment on his debt against Randall, upon which was a trustee process, summoning Rogers as trustee of Randall, for the purpose of attaching Randall's property subject to Rogers' attachment ; but before any attachment had been made, or any further proceeding had in Smith's attachment, Smith asked Rogers if he was going to pay the plaintiff's debt against Randall. Smith said to Rogers that there was property enough to pay Randall's debts, and that he was satisfied that Randall did not owe Rogers more than a trifle ; and that, if Rogers was not going to pay his debt, he should himself attach the property, and see how it was ; Rogers replied that he was going to see about it ; and said, " friend Smith ; hold on ! make no cost, I will see thee again before the sale of the property on the attachment. I shall do right about it."

After the attachment was made by Rogers, Randall confessed a judgment, and Rogers took out an execution on the judgment, and delivered the execution to the constable ; and Randall's property so attached on the original process, was advertised for sale on the 2nd of December, 1846.

On the day of the sale of the property, but before the sale, Smith asked Rogers how he found things. Rogers inquired of Smith, what was the amount of his debt against Randall. Smith examined his books, and told Rogers that it would not exceed $150; and it might be less. Smith showed some of the charges for property that went on to the farm, and said to Rogers that there was property enough to pay all of Randall's debts, and leave something for Randall. Smith then went into an estimate of the value of the property of Randall, and the amount of Randall's

Smith *v.* The Estate of Rogers.

indebtedness. After the conversation Smith asked Rogers if he was going to pay the plaintiff's debt against Randall. Rogers replied that there was property enough, if it was not eaten up in costs, in his hands for that purpose, to pay all of Randall's debts ; and that if Smith would hold on, he would pay him the debt due him from Randall. Smith then said that all he wanted was his pay ; and then directed the officer, who had his attachment against Randall, and was then present, not to serve the writ against Randall. Smith made no further efforts to collect or secure his debt against Randall, by reason of this promise of Rogers.

The property of Randall was sold on Rogers' execution, on the 2nd of December, 1846, without further costs or expenses, and was purchased in for the benefit of Rogers, at less than its real value, and was afterwards used and disposed of by Rogers. Some time after the sale of the property, Rogers told Smith to settle with Randall, and take his notes in small sums payable in yearly payments, which the plaintiff did, making the notes on annual interest.

Smith retained these notes in his possession, and never received payment of them, or the debt for which they were given, and did not present them to Rogers in his life time.

The referee reported that if, from the foregoing facts, the plaintiff was entitled to recover against the estate of Rogers, in that case he found that he should recover two hundred fifty-six dollars and twenty cents, being the amount of the notes above mentioned, and annual interest to the 12th of March, 1861.

Upon this report the county court, at the March Term, 1861, KELLOGG, J., presiding, rendered judgment *pro forma* for the plaintiff, to which the defendant excepted.

*Linsley & Prout*, for the defendant.

*E. Edgerton*, for the plaintiff.

POLAND, CH. J. The facts reported by the referee, are exceedingly vague and uncertain, but this is probably to be

accounted for by the antiquity of the transaction, and the decease of Rogers, one of the parties to it, rather than from any fault of the referee.

The referee distinctly finds and reports that Rogers promised to pay the plaintiff's debt against Randall.

The counsel for the defendant claims, that this promise can not be legally enforced for two reasons.

1st.    Because not founded upon any sufficient consideration.

2nd.    That it was a promise to pay the debt of another, and therefore invalid by the statute of frauds.

The facts reported have some tendency to show, that the property of Randall went into the hands of Rogers upon an understanding between them that Rogers, out of the avails, should pay Randall's debts, and that the amount of the property largely exceeded any just claim that Rogers himself held against Randall.

If Rogers received property of Randall for the purpose of paying his debts, and afterwards, in consideration of having such assets in his hands, expressly promised the plaintiff to pay his debt, such promise was supported by the consideration of having received funds of Randall for that purpose ; *Wait* v. *Executors of Wait*, 28 Vt. 350 ; *Merrill* v. *Englesby and Trustee*, *Ib.* 150.

If the facts reported are not sufficient to show that Rogers received Randall's property under an agreement between them that he was to apply it in payment of Randall's debts, then the tendency of the facts found, is toward the conclusion that Rogers was endeavoring to cover up Randall's property and keep it away from his creditors, and that Randall gave Rogers a note for more than he was justly indebted to him, confessed a judgment upon it immediately, and Rogers caused his execution to be levied upon all Randall's property, which was of a much greater value than the amount of the judgment. If Rogers purposely took Randall's note, and a judgment upon it for a greater amount than was justly due to him, for the purpose of covering his property against his other creditors, such judgment was fraudulent as to the creditors, and they might contest it by

Smith *v.* The Estate of Rogers.

attaching the same property he had levied upon, or in various other modes.

The plaintiff claimed to Rogers that this was the case, and had procured a writ against Randall, for the purpose of attaching the property of Randall, and also summoning Rogers, as Randall's trustee. The plaintiff had certainly the legal right to institute such legal proceedings to contest Rogers' judgment, and endeavor to enforce payment of his debt against Randall. In this state of things Rogers told the plaintiff that Randall's property was sufficient to pay all his debts if it was not eaten up in costs, and that if the plaintiff would hold on, he, Rogers, would pay the plaintiff's debt. The plaintiff thereupon said that was all he wanted, and directed his officer, who was present, not to serve his writ, and Randall's property was all sold on Rogers' execution, at less than its value, and went into the hands of Rogers, and was disposed of by him.

It is clear that this surrender and forbearance by the plaintiff of his legal right to contest the validity of Rogers' judgment, and to obtain Randall's property for the payment of his own debt, at the request of Rogers, was a sufficient legal consideration to sustain Rogers' promise to pay Randall's debt to the plaintiff. This forbearance of the plaintiff might be an injury to the plaintiff, and was apparently clearly for the advantage of Rogers. If the plaintiff did not succeed in establishing what he claimed, and thus succeed in obtaining payment of his debt against Randall, Rogers, by his forbearing to attach the property, and trusteeing him, avoided the expense and vexation of a litigation of the matter.

Whether Rogers' promise to pay the plaintiff's debt against Randall, was founded upon the consideration that he had received property from Randall for that purpose, or upon the consideration that the plaintiff would forbear to attach the property, and allow him to have it disposed of upon his own execution, without question or litigation ; we are of opinion that, under the decisions that have been made in this state, the promise must be regarded as an original undertaking by Rogers, and therefore not within the statute of frauds.

The cases of *Wait* v. *Wait*, and *Merrill* v. *Englesby*, before cited, establish the principle that a promise to pay the debt of another in consideration of property placed in the promisor's hands by such debtor, for that purpose, is not within the statute.

In *Sampson* v. *Estate of Hobart*, 28 Vt. 697, it was decided that where one creditor promised to pay the debt of another creditor against their mutual debtor, in consideration that the latter creditor would forbear to sue and attach the debtor's property, but would allow the former to attach all the debtor's property on his debt, the promise was an original undertaking, and not within the statute. of frauds, as a promise to pay the debt of another. In *Cross* v. *Richardson*, 30 Vt. 641, the plaintiff had attached certain property of Brown, his debtor. The defendant promised that he would pay the plaintiff one hundred dollars in part payment of his debt against Brown, in consideration that the plaintiff would release the property he had attached, which he did. It was held that this was not a promise to pay the debt of another, within the statute of frauds.

It is not needful now to go over the reasons for these decisions, as they will be found at length in the pronounced judgments in those cases, nor to again attempt the hopeless task of endeavoring to reconcile the numerous decisions on this much vexed subject, as we regard these cases as having settled the rule of decision in this state, and as fully covering this case.

The objection that the plaintiff subsequently took new notes of Randall for his debt, we think of no force, as the referee finds that this was done by the direction of Rogers.

In one respect the judgment below was erroneous.

The liability of Rogers to the plaintiff was fixed, when he made the promise. If he delayed making payment to the plaintiff, he would properly be held liable to pay interest on the amount of Randall's debt, but only for ordinary simple interest.

When the plaintiff took Randall's notes subsequently, he took them payable with annual interest, and the referee in finding the sum for which the defendant is liable, if so at all, computed the notes of Randall with the annual interest thereon. The plaintiff claims that he took these notes really as the agent of

10

---

Poultney *v.* Sandgate.

---

Rogers, and the interest the notes were to bear had nothing to do with the measure of Rogers' liability to him. It does not appear that Rogers gave any direction, or even had knowledge of how the notes were written in this respect. The judgment below included annual interest on Randall's notes, when it should have been, against this defendant, computed at simple interest only.

But as this is mere computation, it can be corrected here.— The excess of interest by this erroneous mode of casting is therefore ordered to be deducted, and the judgment affirmed for the balance.

As the defendant has succeeded upon his exceptions in lessening the amount of the plaintiff's recovery below, he will be entitled to his costs in this court.