### ABEL S. WILLIAMS *v.* H. A. LITTLE & Co.

#### *Statute of Frauds.*

The plaintiff, having a demand against W., proposed to him to take in satisfaction thereof the agreement of the defendants, who were then indebted to W. in a larger sum, to pay the plaintiff a certain sum at a future time. W. thereupon requested the defendants to pay the plaintiff according to such proposition, and the defendants, in the presence of the plaintiff and W., agreed with the plaintiff so to do. *Held*, that the defendant's agreement was not within the statute of frauds.

ASSUMPSIT. The facts sufficiently appear in the opinion of the court.

The cause was tried by the court upon the plea of the general issue, at the September Term, 1861, PECK, J., presiding. The county court rendered judgment for the plaintiff, to which the defendants excepted.

*J. A. Vail,* for the defendants.

*Geo. M. Fiske,* for the plaintiff.

KELLOGG, J. The question made by the defendants in respect to the authority of Scott to act as their agent in making the agreement relied upon by the plaintiff, is disposed of by the finding of the county court, that the agreement was within the scope of the power and authority which Scott had as such agent; and the only remaining question in the case is, whether the agreement was within the statute of frauds, or not.' This question should be decided by the terms and character of the agreement, and its effect as between all the parties.

The plaintiff had a claim against Samuel D. Winter, amounting to twenty-six dollars and fifty-two cents, and, about the middle of March, 1860, called upon him for payment, and proposed to him to take twenty-five dollars in satisfaction of the debt, if he would get Scott to agree, in behalf of the defendants, to pay one-half of that sum on the 1st of April following, and the other half on the 1st of July following. Winter agreed to this proposition, and both he and the plaintiff went to the office

of 'he defendants, where Scott was, and Winter informed Scott of the agreement, and requested him to pay the plaintiff twelve dollars and fifty cents on the 1st of April following, and the same sum on the 1st of July following. The defendants were then owing Winter more than the amount of both sums, and he was then in their employment, and continued to work for them from that time until after the first day of the following July. Scott then, for and in behalf of the defendants, agreed with the plaintiff to pay to him the sum of twelve dollars and fifty cents on the 1st of April following, and the same sum on the 1st of July following, according to. Winter's request. The whole conversation with Scott was in the presence and hearing of the plaintiff and Winter ; and Scott's agreement with the plaintiff was made in the presence and hearing of Winter.

We think that the effect of this agreement was to extinguish the debt due from Winter to the plaintiff. There was a communication between all the parties, and the defendants were debtors of Winter, who was himself a debtor of the plaintiff, and, by an express agreement, the plaintiff accepted the liability of the defendants in substitution for that of Winter. The agreement for the substitution was, as between Winter and the plaintiff, an accord executed, and constituted a full defence against the original liability of Winter. In *Tatlock* v. *Harris,* 3 Term R. 180, BULLER, J., put this case :—" Suppose A. owes B. £100, and B. owes C. the same amount, and the three meet, and it is agreed between them that A. shall pay C. the £100., B's debt is extinguished, and C. may recover that sum against A." So in *Wilson et al.* v. *Copeland et al.,* 5 B & Ald. 228, (7 E. C. L. R. 77,) it was held that where the plaintiffs were creditors to T. & Co., and by consent of all parties, an arrangement was made that the defendants should pay the plaintiffs the debt due from them to T. & Co., it was held that the defendants, by acceding to this arrangement, became the debtors of the plaintiffs, and became liable for money had and received to the use of the plaintiffs. To the same effect is the case of *Heaton* v. *Anger,* 7 N. H. 399. A promise to pay another man's debt out of that other man's own funds, when they shall come to the hands of the person promising, is not within the

statute of frauds. *Andrews* v. *Smith*, 2 Cr., M. & R. 627 ; *Walker* v. *Rostron*, 9 M. & W. 411 ; Smith's Merc. Law (3d Amer. Ed.,) 574. In *Cross* v. *Richardson*, 30 Vt. 641, it was held that if the contract is such that it substantially transfers the debt to the promisor, either by its terms or in its legal operation, so as to discharge the original liability, then it is not a promise to pay the debt of another, but it is a promise by which the debt of another is in fact paid. and that such a case does not come within the statute. In *Weston* v. *Jacobs*, 29 Vt. 169, REDFIELD, Ch. J., says that if the primary debtor is released, and the secondary liability is the sole debt, all the cases agree that it does not come within the statute. In *Wait* v. *Executor of Wait*, 28 Vt. 350, it was held that a parol promise to pay the debt of another, in consideration of property placed by the debtor in the promisor's hands, is not within the statutes, and that it was an original promise and binding on the promisor ; and that, in this respect, it was immaterial whether the liability of the original debtor continues or is discharged. All the authorities agree that when, by the accession and agreement of all the parties interested, the original or intermediate debt is extinguished, the promise to pay the amount thereof to a third party is not a promise to answer for the debt of another within the statute of frauds, as no such debt exists ; it is a new, original, and independent engagement, founded upon the merger and extinguishment of the pre-existing debt or demand. It is a change of interest operating by way of novation and substitution, and the original liability is by consent of all parties extinguished by the new liability upon the new and substituted contract. When the new debt is substituted for the original debt, by the mutual assent of the three parties, the original debt is discharged, and none of the parties can then recede from the arrangement. Addison on Contracts, 37, 38, 1005 *et seq.* Chitty on Contracts, (10th Amer. Ed.,) 140, 147. These views lead to the conclusion that the agreement of Scott, acting as the agent and in behalf of the defendants, was not within the statute of frauds.

The judgment of the county court for the plaintiff is affirmed,