# WILLIAM N. STURGES

## *v.*

# THE FOURTH NATIONAL BANK OF CHICAGO.

1. DRAFT — *proof of acceptance.* Where the acceptance of a draft or bill of exchange is declared upon, proof that the defendant, upon whom it was drawn, promised to accept the same before it was drawn, and, after it was drawn, verbally promised the holder to pay it, is clearly sufficient to support the declaration.

2. BILL OF EXCHANGE — *parol acceptance good.* A parol acceptance of a bill of exchange is as binding and as conclusive as if the acceptance was in writing.

3. COMMON COUNTS. A recovery may be had upon a parol acceptance of a bill of exchange under the common counts.

4. DRAFT — *authority to pay.* Where a party had agreed to pay to the amount of the value of grain consigned to him by his agent and on his drafts, the shipping receipt accompanying a bill drawn on him by the agent was held sufficient authority in a party to such arrangement to pay the same.

APPEAL from the Superior Court of Cook county; the Hon. T. D. MURPHY, Judge, presiding.

The opinion of the court states the material facts of the case, except the agreement between the parties was, that Sturges, the defendant, would pay all drafts drawn by his agents, equal to the cost of the grain at Washington, Iowa, where they were cashed, the grain to be shipped to the defendant.

Messrs. HARDING, McCOY & PRATT, for the appellant.

Messrs. HOWE & RUSSELL, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by The Fourth National Bank of Chicago, in the Superior Court of Cook county,

against Wm. N. Sturges, as acceptor of a bill of exchange, as
follows :

" FIRST NATIONAL BANK OF WASHINGTON, IOWA.
$1611.13.                    WASHINGTON, IOWA, *Oct. 9th,* 1872.
" Pay to the order of H. S. Clark, cashier, sixteen hundred
and eleven dollars and thirteen cents, value received, and charge
the same to account of                    E. BLAIR.
" To W. N. STURGES, Chicago, Ills."

" Indorsed : Pay T. J. Mapes, Esq., cashier, or order, for col-
lection for First National Bank, Washington, Iowa.
                              " H. S. CLARK, *Cashier.*"

The declaration contained one special count upon an accept-
ance of a bill of exchange, also the common counts.

It is insisted by appellant that the proof does not sustain the
special count, and was not admissible under the common counts ;
that the proof only shows an agreement to accept the draft, and
not that it was accepted.

It appears, from the evidence, that Blair was buying grain for
appellant in Iowa, and appellant desired to effect an arrange-
ment by which drafts drawn by Blair for grain purchased could
be cashed at the First National Bank of Washington, Iowa.
Appellee effected the arrangement with the Iowa bank, and
appellant agreed to pay the drafts when presented by appellee.

This draft was cashed by the Bank at Washington, Iowa, and
sent to appellee, and it was proved by two witnesses that, after
the draft had been drawn, appellant agreed to pay it.

Appellee had not only the promise of appellant to pay the
draft, before it was drawn, but also the agreement to pay it,
after it had been drawn ; this was clearly sufficient to support
the special count of the declaration.

A parol acceptance of a bill is as binding and conclusive as
if the acceptance was in writing. *Mason* v. *Dousay,* 35 Ill. 424.

The proof not only sustained the averments of the special

count, but we see no reason for excluding it under the common counts of the declaration.

It is also claimed by appellant that the evidence before the court showed that the balance claimed upon this draft had been adjusted between appellant and appellee in a settlement concluded between the parties.

Appellant testifies to this, but the two officers of the bank, with whom the settlement is claimed to have been made, both positively deny the settlement. The evidence upon this point was in direct conflict, and it was for the court before whom the cause was tried to determine whether the preponderance of the testimony was with the appellant or appellee. The court found it was with the latter, and, we think, rightfully. Appellee received with the draft a shipping receipt, which showed the number of bushels of grain purchased and consigned to appellant, equal in value to the amount of the draft; appellant insists in his argument the grain was short; but when the draft was presented for payment, the only ground of objection made by him was, that his agent, Blair, was owing him a certain amount outside of this transaction. No claim of shortage was then interposed.

The shipping receipt accompanying the bill under the arrangement made between the parties was sufficient authority for appellee to pay the draft, and under the contract proven and the other testimony, the judgment of the court was correct; it will, therefore, be affirmed.

*Judgment affirmed.*