## H. B. BAILEY v. H. W. BAILEY.

### Statute of Frauds. Promise when not within.

A surety on a non-negotiable note conveyed his real and personal estate to the defendant in consideration of the grantor's future support and payment of his debts. Subsequently the defendant made a verbal promise to the plaintiff, who became the owner of the note by inheritance, that he would pay it, if the principal on the note did not. *Held*, that the promise was valid, and not within the statute; that the conveyance of the property was a sufficient consideration.

ASSUMPSIT. Heard on the report of a referee December Term, 1881, Orange County, POWERS, J., presiding. Judgment *pro forma* for the plaintiff. The referee found that Isaac A.

Bailey *v.* Bailey.

Bailey by his warranty deed conveyed his real estate to the defendant, on condition that defendant support the grantor during his life " and pay all debts that remain due against " him; " that in consideration of the conveyance of said property to the defendant, as aforesaid, the defendant verbally promised plaintiff after plaintiff became the owner of said notes, as aforesaid, that he, the defendant, would pay said notes to plaintiff if his brother Harvey did not." The other facts are stated in the opinion of the court.

*Farnham & Chamberlin*, for the defendant, argued that the promise was collateral, and within the statute; and cited *Jones* v. *Cooper*, Cowper, 227; *Peckham* v. *Faria*, 3 Dougl. 13; 1 Swift's Dig. 249; *Aldrich* v. *Jewell*, 12 Vt. 125; *Sinclair* v. *Richardson*, Ib. 33; *Fullam* v. *Adams*, 37 Vt. 391; *Couturier* v. *Hastie*, 16 Eng. L. & Eq. 562; *Furbush* v. *Goodnow*, 98 Mass. 296; *Nelson* v. *Boynton*, 3 Met. 396; *Davis* v. *Caverly*, 120 Mass. 414; *Curville* v. *Crane*, 5 Hill, 483; *Barker* v. *Bucklin*, 2 Denio, 45; 1 Smith Lead. Cas. 379; *Hayden* v. *Welden*, 43 N. J. L. 128; *Douglass* v. *Skinner*, 44 Conn. 338; *Simpson* v. *Hall*, 47 Conn. 417; *Millard* v. *Baldwin*, 3 Gray, 484; *Dow* v. *Clark*, 7 Gray, 198; *Maxwell* v. *Longenecker*, 82 Ill. 308; *Monrow* v. *Durham*, 3 Hill, 584; *Anderson* v. *Davis*, 9 Vt. 136; *Newell* v. *Ingraham*, 15 Vt. 422; *Smith* v. *Hyde*, 19 Vt. 54; *Blunt* v. *Boyd*, 3 Barb. 209; *Petriken* v. *Baldy*, 7 Watts & S. 429. This is not a case where the defendant had property put in his hands for the specific purpose of disposing of and paying certain debts, but the property became his by the deed of Isaac A. Bailey, and his creditors had only an equitable lien in it, which Isaac A. alone could enforce. *Beers* v. *Robinson*, 9 Barr, 229; *Campbell* v. *Laycock*, 4 Wright, 448.

Assumpsit not maintainable. *Whipple* v. *Mellen*, 1 Gray, 317; *Finney* v. *Finney*, 4 Harris, 390; *Treat* v. *Stanton*, 14 Conn. 445; *Morrison* v. *Buckley*, 6 Watts, 349; *Cumberland* v. *Cardington*, 3 Johns. Ch. 255. If the plaintiff has any remedy it is in equity. *Fitch* v. *Chandler*, 4 Cush. 254; *Frost*

Bailey *v.* Bailey.

v. *Gage*, 1 Allen, 262; *Beach* v. *Hotchkiss*, 2 Conn. 425; *Clapp* v. *Lawton*, 31 Conn. 95; *Ruside* v. *Ruside*, 13 Wright, 322.

*E. W. Smith*, for the plaintiff.

It was an original promise, and founded on a sufficient consideration. Browne Stat. Frauds, 124, 163, 188; 7 Wait Act. & Def. 21; *Hargraves* v. *Parsons*, 13 M. & W. 561; *Randall* v. *Kelsey*, 46 Vt. 158; *Eastwood* v. *Kenyon*, 11 A. & Ell. 438; *Beamon* v. *Russell*, 20 Vt. 205; *Wait* v. *Wait*, 28 Vt. 350; *Allen* v. *Thompson*, 10 N. H. 32; *Robinson* v. *Gilman*, 43 N. H. 485; *Farley* v. *Cleaveland*, 4 Cow. 432; *Seaman* v. *Hasbrouch*, 35 Barb. 151; *Townsend* v. *Long*, 77 Pa. St. 143; *Sweetman* v. *Parker*, 49 Miss. 19; *Besshears* v. *Rowe*, 46 Mo. 501; *Woodward* v. *Wilcox*, 27 Ind. 207; *Urquhart* v. *Brayton*, 6 Rep. 601; *Hilton* v. *Densmore*, 21 Me. 412; 45 Pa. St. 30; 30 Vt. 277; 17 Mass. 400.

The opinion of the court was delivered by

TAFT, J.    The debt sought to be recovered in this action is one for which Isaac A. Bailey, father of the defendant, was liable as surety.    The defendant was not liable upon it originally.    In the year 1863 the defendant took a conveyance of the real and personal property of Isaac A. upon condition that he would pay all Isaac A.'s debts that remained due.    This debt in question, which was not negotiable, became the property of the plaintiff on the 31st day of May, 1876, and after that date the defendant promised the plaintiff that he would pay it, if his brother Harvey, who was the principal upon the notes evidencing the debt, did not.    The defendant contends that this was a promise to answer for the debt of another, and, being in parol, was within the Statute of Frauds.

It has been held in this State that where a debtor places property of any kind in the hands of a third person, and that person promises to pay the debt, such promise is not within the statute. *Merrill* v. *Englesby & Tr.*, 28 Vt. 150; *Wait* v. *Wait's Executors*, Ib. 350; *Smith* v. *Est. of Rogers*, 35 Vt. 140; *Fullam* v. *Adams*, 37 Vt. 391.    The case in brief is this: Isaac A. Bailey

conveyed his property to the defendant upon condition that the latter would pay the debts of the former. The claim in question was one of them; and when the plaintiff became the owner of it, the defendant promised the plaintiff to pay it. The conveyance of the property to the defendant constituted a sufficient consideration for the promise; and such conveyance, the receipt of the property by the defendant, and the appropriation of it to his own use, bring this case within the rule above stated, and the promise was valid though not in writing.

The promise made by the defendant, as found by the referee, was, that the defendant would pay the debt if Harvey did not. Harvey has not paid it and payment cannot be enforced against him, and so the promise of the defendant became absolute, and we see no legal reason why he should not keep it.

Judgment affirmed.

Powers and Rowell, JJ., did not sit.