## WILLIAM R. PARIS *v.* WYMAN HILLIARD.

*Statute of frauds.   Promise to pay  debt  of  another.    Evidence.*

1. Where one has a charge against the owner of cattle for their keep, which a mortgagee, upon taking a mortgage of them conditioned for the expense of keeping, orally promises to pay, such promise is not within the statute of frauds, and the same is true as to an assignee of the mortgage.

2. Evidence that the mortgagee told the plaintiff that his assignee, the defendant, had promised to pay these charges as a condition of the assignment, is hearsay, and inadmissible.

General assumpsit.  Plea, the general issue.  Trial by jury at the March term, 1889, Munson, J., presiding.  Verdict and judgment for the plaintiff.  The defendant excepts.

The plaintiff claimed to recover the price of hay furnished for the keep of a yoke of oxen.  One Parker was the owner of the oxen and made the original trade with the plaintiff by which the plaintiff agreed to furnish the hay.  After the oxen had been kept for about fourteen weeks, Parker mortgaged them to one Wheeler, who thereupon agreed to pay the plaintiff what already was, or might thereafter become due for the hay.  Still later, Wheeler assigned his mortgage to the defendant, and the plaintiff's evidence tended to show that as a part of that assignment the defendant promised Wheeler to pay the plaintiff's claim, and subsequently made the same promise to the plaintiff.

As to the liability of the defendant upon this alleged promise the court instructed the jury :

" If you find that at the time this mortgage was given, Wheeler agreed to pay plaintiff for the keeping of the oxen, and that the object of the mortgage so far as the clause referred to is concerned, was to secure Wheeler for so doing ; and also find that in connection with the assignment of the mortgage by Wheeler to

defendant, the defendant undertook to pay plaintiff's bill for keeping the oxen, and promised plaintiff that he would pay him, even though the promise directly to plaintiff was a few days after the assignment, the promise by defendant was such a promise and upon such a consideration that the plaintiff can recover."

The condition of the mortgage was as follows:

"Provided, however, that it is a condition of the foregoing sale, asssignment, and transfer, that if the said Marcus D. Parker, his heirs, administrators, and assigns, shall well and truly pay or cause to be paid to the said Allen Wheeler, his heirs, and assigns, the sum of thirty-eight dollars, and all accrued interest thereon, and keep said oxen in good condition, and does not remove them from the town of Danby, and pays for their keeping which is justly due and owing from the said Marcus D. Parker to the said Allen G. Wheeler, as follows: Thirty-eight dollars and interest, and the keeping on demand under the above conditions, then this instrument is to be wholly null and void, otherwise to be and remain in full force and virtue."

The other facts sufficiently appear in the opinion.

The defendant moved to set aside the verdict as against the evidence, which motion was overruled.

*Henry A. Harman,* for the defendant.

The mortgage did not secure the debt due from the mortgagor to the plaintiff, but only from the mortgagor to Wheeler.

R. L. s. 1969; *Tarbell* v. *Jones,* 56 Vt. 312; *Parker* v. *Morrison,* 46 N. H. 230.

The promise sued upon was oral and within the statute of frauds as a promise to pay the debt of another.

R. L. s. 931.

Even if the defendant had owned the oxen he would not have been bound by an oral promise to pay for this feed which had already been furnished.

*Ferguson* v. *Spear,* 65 Me. 277; *Stevens* v. *Mayberry,* 19 At. Rep. 92.

*Howe & Coolidge,* for the plaintiff.

The mortgage was fairly intended to secure what was and should become due for keeping these oxen.

Jones Ch. Mort. § § 89, 90.

The mortgage therefore became a fund or security put into the possession of the mortgagee to pay for this keep, and the oral promise of the mortgagee to pay the plaintiff his debt in that behalf was binding.

*Merrill* v. *Englesby & Tr.*, 28 Vt. 150; *Wait* v. *Wait's Exrs.*, 28 Vt. 350; *Smith* v. *Est. of Rogers*, 35 Vt. 140; *Fullam* v. *Adams*, 37 Vt. 391; *Bailey* v. *Bailey*, 56 Vt. 398.

The plaintiff released Wheeler and accepted the responsibility of the defendant.

*Andrus* v. *Davis*, 9 Vt. 136; *Watson* v. *Jacobs*, 29 Vt. 169; *Williams* v. *Little*, 35 Vt. 323.

The plaintiff might testify as to the information upon which he acted in settling with Wheeler.

1 Greenl. Ev. § 101.

The opinion of the court was delivered by

TYLER, J. The plaintiff's evidence tended to show that he owned certain premises in Danby that were occupied by one Parker; that on Nov. 13, 1888, Parker brought to the barn on the premises a pair of oxen for which the plaintiff agreed with Parker to furnish hay at its worth; that the oxen remained there fourteen weeks and during that time were supplied with hay by the plaintiff under the agreement; that on December 6th of that year one Wheeler procured from Parker a mortgage of the oxen and in connection with the transaction orally promised the plaintiff to pay him his past and future charges for keeping them; that Jan. 21, 1889, Wheeler, who had been in the plaintiff's employment but had gone into the service of the defendant, sold and assigned the mortgage to the defendant; that soon afterwards Wheeler went to the plaintiff's house and settled his general account with him, informing him that he had sold the mortgage

to the defendant who had assumed and would pay the plaintiff's charges, and that the plaintiff thereupon omitted the cattle keeping account from the settlement; that the defendant soon afterwards met the plaintiff and orally promised him that he would pay his charges and that the plaintiff did not afterwards look to Wheeler for payment. The plaintiff's evidence further tended to show that in February following Parker secretly removed the oxen into the State of New York, that his son then paid the defendant the sum that the latter had paid Wheeler for the mortgage and took the mortgage away with him, and that the defendant afterwards refused to pay the plaintiff any part of his charges. All this evidence was received subject to the defendant's exception.

The evidence of the defendant tended to contradict the plaintiff's on every material point. He denied making the alleged promise and denied having any knowledge of the plaintiff's charges until after he had surrendered his mortgage to Parker's son.

The plaintiff's testimony that Wheeler had told him that the defendant had promised to pay him naturally would have weight with the jury in determining whether the plaintiff or the defendant told the truth. It does not appear that Wheeler testified in the plaintiff's behalf in relation to the making of the mortgage and about his and the defendant's promise to pay the plaintiff, but the plaintiff testified to what Wheeler told him in relation to these subjects. The exceptions state that " it did not otherwise appear that this was true."

There was error in permitting the jury to consider this testimony as bearing upon the main question in controversy, namely, whether or not the defendant made the promise. Had it been given by Wheeler it would have been competent as tending to show an admission by the defendant, but given by the plaintiff it was hearsay.

It is sound as a general proposition, that a parol promise by

one to pay the debt of another in consideration of property placed by the debtor in the promisor's hands for that purpose is not within the statute of frauds. It is an original promise and binding upon the promisor, whether the liability of the debtor continues or is discharged. *Wait* v. *Exr. of Wait,* 28 Vt. 350; *Bailey* v. *Bailey,* 56 Vt. 398. But in this case there was no legal evidence tending to show that the defendant promised to pay the plaintiff's debt in consideration of having taken an assignment of the mortgage.

*Judgment reversed and cause remanded.*