MONTGOMERY WARD & COMPANY *v.* ABRAHAM NEWMAN.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

116

*William L. Scoville* and *George M. Goddard* for the plaintiff.

*Jones & Jones* for the defendant.

SLACK, J. The plaintiff seeks to recover upon a written instrument of the tenor following:

Rutland, Vt.<br>Feb. 17, 1930.

"A Newman
Dear Sir
    Please pay Montgomery Ward Company ($800.00) Eight Hundred Dollars and charge to my account.

>This is the second payment of plumbing and heating for three houses, 82-84 Killington Avenue. 15 Vernon Street.
>
>C. W. Young.''

The defendant had a verdict and judgment below, and the case is here on plaintiff's exceptions.

The defendant never accepted the instrument in writing, and claims that consequently he is not liable. He relies in the first place upon the provision of G. L. 3001, which requires the acceptance of a bill of exchange to be in writing and signed by the drawee in order to create liability on the part of the latter. The plaintiff claims that this statute is not applicable because the instrument in question is nonnegotiable.

On trial, the plaintiff offered to show: (1) That defendant on different occasions promised orally and unconditionally to pay such instrument; (2) that the goods furnished the drawer by plaintiff were furnished for and were installed in defendant's buildings; and (3) that when defendant settled with the drawer he (defendant) withheld the amount of such bill. All this was excluded subject to plaintiff's exception.

■ The admissibility of this evidence depends first, upon whether the instrument in suit comes within the purview of the Negotiable Instruments Act. That the requirement of G. L. 3001, that the acceptance of certain instruments be in writing, etc., in order to create liability on the part of the drawee, applies only to the instruments defined by G. L. 2995 is not and cannot be doubted. The latter statute provides: ''A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money *to order or to bearer.*'' The italics are ours.

■ Since the instrument before us is not payable ''to order or to bearer'' and does not contain equivalent words of negotiability, it is not a negotiable instrument within the meaning of the Negotiable Instruments Act. *Westberg* v. *Chicago L. & Coal Co.,* 117 Wis. 589, 94 N. W. 572; *Windsor Cement Co.* v. *Thompson,* 86 Conn. 511, 86 Atl. 1; *Clay-Butler Lumber Co.* v. *Pickering Lumber Co.* (Tex. Com. App.), 276 S. W. 664; *Ex parte E. C. Payne Lumber Co.,* 203 Ala. 668, 85 So. 9; *California*

*Packing. Corp.* v. *Kelley Storage & Distributing Co.,* 188 App. Div. 475, 177 N. Y. S. 37. Consequently, the provisions of that act do not apply. *Duchaine* v. *Phoenix,* 100 Vt. 112, 135 Atl 715; *Clifford* v. *West Hartford Creamery Co., Inc.,* 103 Vt. 229, 248, 153 Atl. 205; Crawford's Annotated Negotiable Instruments Law (4th ed.), p. 2, note, and cases cited *supra.* This being so, a parol acceptance by defendant was sufficient to bind him. *In re Estate of Goddard,* 66 Vt. 415, 29 Atl. 634; *Arnold* v. *Sprague,* 34 Vt. 402; *Putnam Nat. Bank* v. *Snow,* 172 Mass. 569, 52 N. E. 1079; *Sturges* v. *Chicago Fourth Nat. Bank,* 75 Ill. 595; *Hall* v. *Cordell,* 142 U. S. 116, 35 L. ed. 956, 12 Sup. Ct. 154. Indeed, prior to the passage of the Negotiable Instruments Act, an oral acceptance of an existing bill of exchange was generally held to be valid in this country, and it was formerly so in England.

■ The defendant also relies upon the statute of frauds, G. L. 1876, and insists that his promise, if he made one, was to answer for the debt, default, or misdoings of another, and since not in writing he is not liable thereon. It is evident that he mistakes the nature of the transaction and the scope of the statute. *Williams* v. *Little,* 35 Vt. 323; *Pocket* v. *Almond,* 90 Vt. 10, 96 Atl. 421; *Pirie* v. *Granite Savings Bank & Trust Co.,* 91 Vt. 304, 100 Atl. 676.

Neither claim of the defendant is tenable. The exclusion of the offered evidence was error.

Since the other exceptions raise the same questions, they are not considered.

*Judgment reversed, and cause remanded.*