## OLIVER P. NEWELL *v.* EPHRAIM INGRAHAM, Jr.

L. having a contract for carrying the mail, and having contracted with N. to carry the same for a stipulated sum, transferred to I. the right to receive from the Post Office Department a part of the money to become due for the transportation, reserving to N. a certain portion thereof; whereupon I. requested N. to carry the mail for him, and promised to see him paid. The contract between L. and N. remained unrescinded and uncancelled. *Held,* that the promise of I. was within the statute of frauds.

THIS was an action of book account. There was a judgment to account, and reference to an auditor. The auditor reported that the plaintiff exhibited the following account.

Ephraim Ingraham, jr., To Oliver P. Newell,     Dr.
January 1, to July 1, 1841.
To carrying the U. S. mail from Cambridge Port

| | |
|---|---|
| Vt. to Londonderry, Vt. | $50 |
| Cr.—By cash, | 36 |
| | $14 |
| Interest on balance, | 1.05 |
| | $15.05 |

The auditor found, and reported, — That Simeon Leland had a contract with the United States for carrying the mail on the above route, and that, on the 1st of July, 1840, he made a contract with the plaintiff to carry the mail on said route for one year from that date, for the sum of $100, to be paid in quarterly instalments ; that, on the 13th of November, 1840, Leland, in consideration that the defendant had become surety for him, transferred to the defendant, by an instrument in writng, the right to receive from the post-office department the sum of $60, out of the money Leland was to receive for carrying the mail, the last two quarters of the year commencing July 1, 1840, reserving $50 to pay the plaintiff for the carrying of the same, said last two quarters ; that, in the month of December, 1840, the defendant notified the plaintiff of said transfer, and requested him to carry said mail for him, on the same conditions on which he was to carry it for Leland, and promised to see him paid ; that the plaintiff carried the mail to the end of said year, and had received but $36 therefor, which had been paid him by Leland, upon the application of the defendant ; that no part of the said sum, assigned by Leland to defendant, ever came into the hands of the latter, but that the whole or nearly the whole amount for carrying said mail, had come into the hands of Leland, who retained it ; and that the contract between Leland and the plaintiff was never cancelled, and no conversation was ever had between them about the discharge of either of the parties from their liability thereon, and that Leland relied upon said contract, as security for the carrying of said mail, by the plaintiff.

The auditor thereupon reported, that the said promise of the defendant to the plaintiff, came within the statute of frauds, and that the defendant recover his costs ; but he further reported that if the court should be of opinion that the promise did not come within said statute, then he found for the plaintiff, the sum of $15.05, to balance, &c.

Upon the coming in of this report, the county court adjudged the said promise to be within the statute of frauds, and that the defendant recover his costs, — to which the plaintiff excepted.

————— —————, for plaintiff.

It is to be observed that, in the case of *Barber* v. *Fox*, 1

Stark. 270, ( 2 E. C. L. R. 386,) which has been heretofore relied on, the very bill of services for which the action was brought, was made out against the original promissor, as appears by the statement of Ld. Ellenborough, in giving his opinion; and in *Sinclair* v. *Richardson*, 12 Vt. R. 33, the promise was, to pay for past as well as future labor, materials, &c.; so that, in both cases, it was an undertaking for the debt of another. In this last case, the English criterion was adopted, viz., whether the credit was given to the first or last promissor; and this was declared to be a question of fact proper for the jury. Id. 38; 1 H. Bl. 120. But this matter of fact is not found by the auditor; but only that the promise was within the statute of frauds, which is a conclusion of law merely.

If the plaintiff had paid the defendant a certain consideration for making his promise, there can be no doubt it would have been good; so, too, if he had forborne or given up any advantage, whereby he suffered a loss. *Castles* v. *Aubert*, 2 East. 332; 3 Esp. R. 87; 4 Taunt. 117; Selw. N. P. 831. But the statute of frauds is not to be construed to create, protect and assist fraud; and if it appeared that the defendant had taken an assignment of part ($60) of the fund out of which the plaintiff was to receive his quarterly payments, and notified the plaintiff thereof, and that he must look to him, the defendant, for payment, as it appears by the demand, the plaintiff did, he is not at liberty to avail himself of the statute, and, by this kind of collusion, cheat the plaintiff out of his debt.

———— ————, argued for defendant.

The opinion of the court was delivered by

BENNETT, J. — The case does not find that the contract of the plaintiff with Leland, by which the former had undertaken to carry the mail from Cambridgeport to Londonderry, had been rescinded, or, in any way abandoned by Newell; but the contrary appears. It was still out-standing, and in full force. Upon the non-performance, by Newell, it gave a remedy to Leland for damages. When performed by Newell, it, at all times, furnished him the means of a remedy against Leland for his pay.

The undertaking, then, of the defendant, to see the plaintiff paid, though not in its terms, yet in fact, was *collateral* and *ancilliary* to the undertaking on the part of Leland; and there was no new and independent consideration, moving between the parties to this suit. The rule is well settled, that when the promise is ancilliary to, and in aid of, the promise of another, it is within the statute of frauds. This will always be the case, where there is no new and independent consideration, and there exists another, and a previous liability. This is the doctrine of *Sinclair* v. *Richardson*, 12 Vt. R. 33; and indeed runs through all the cases.

WINDHAM,
*February,*
1843.

Judgment of the county court is affirmed.