# COUNTY OF ORLEANS,

AT THE

## AUGUST TERM, 1870.

PRESENT :

HON. JAMES BARRETT,
HON. ASAHEL PECK,
HON. WILLIAM C. WILSON, } ASSISTANT JUDGES.
HON. HOYT H. WHEELER,

---

PEOPLE'S BANK *v.* H. P. ADAMS AND OTHERS.

*Assumpsit. Pleading. Declaration. Statute of Frauds. Consideration.*

In assumpsit no consideration can be implied on demurrer to the declaration, but the declaration should contain a statement of facts showing a sufficient consideration to support the alleged promise.

The substance of the descriptive averments of the alleged cause of action is that one Jackson, and other parties interested with him in certain mines, disposed of a great portion of their interest therein, to and in favor of the defendants, by conveying the same to a corporation in which the defendants were large proprietors; that the defendants in consideration of said conveyance promised Jackson that they would pay to the

plaintiffs a certain draft mentioned in the declaration, which Jackson owed to the plaintiffs, and that afterwards the defendants *verbally* promised the plaintiffs to pay to them the amount of said draft. *Held* that the declaration was insufficient, on general demurrer, *first,* because it does not show any consideration for the defendants' promise; and *second,* because the alleged promise is within the statute of frauds.

ACTION of assumpsit. The defendant demurred generally to the first count. Demurrer sustained, and the first count adjudged insufficient, *pro forma,* Oct. term, 1869, PROUT, J., presiding, to which ruling the plaintiffs excepted.

### EXTRACT FROM DECLARATION.

In a plea of the case for that, on the 26th day of November, A. D., 1864, at Derby Line, in the County of Orleans, and State of Vermont, one J. H. L. Tuck, for value received, drew a draft upon one J. Jackson on ten days, payable to the order of W. S. Foster, assistant cashier, for the sum of $1314.69, payable at the Park Bank in the city of New York, which said draft was then and there duly accepted by the said J. Jackson for value, and the said J. Jackson then and there became liable, and promised to pay the same to the said W. S. Foster, assistant cashier, or his order, according to the tenor thereof. And the plaintiffs say that the said W. S. Foster was, at that time, and still is, assistant cashier of the People's Bank, the plaintiffs, and the said draft was given and accepted in consideration of an advancement of the said sum of $1314.69 by the said plaintiffs to the said Tuck for the benefit of the said Jackson for the purpose of raising funds to develope and work a certain gold mine, then owned by the said Jackson and others, and the said draft is, and ever has been, since it was given and accepted, the property of the plaintiffs, and the said plaintiffs aver that they presented the draft at maturity at the said Park Bank, in the city of New York, for payment, and the same was not paid; but the said draft was, to wit: on the 9th day of December, A. D., 1864, duly protested for non-payment at a cost of one dollar and twelve cents, and the plaintiffs say that the said J. Jackson did not, in ten days from date of said draft, nor at any other time, provide funds in the said bank to meet said draft, and the plaintiffs further say that thereafterwards on, to wit: the 1st day of January, A. D., 1865, the said J. Jackson, and other parties interested with him in said mines, parted with and disposed of a great portion of their interest in said mines to and in favor of, the defendants, by conveying the same to a corporation or company in which the defendants were large proprietors and share-holders, and in consideration of the said conveyance, the said de-

fendants, among other things, promised the said J. Jackson to pay the plaintiffs the said draft, with interest and cost thereon, within a reasonable time, and then and there became liable to the said Jackson to pay the same to the said Bank, and afterwards, to wit: on the 1st day of February, A. D., 1865, in further pursuance of said agreement and in consideration of the conveyance aforesaid, and at the special instance and request of the said J. Jackson, the defendants did call upon the plaintiffs, and faithfully and verbally undertake and promise the plaintiffs to pay them, the said plaintiffs, the amount of said draft, interest and costs of protest, within a reasonable time, and the plaintiffs aver that relying upon the said promise of the defendants to them specially made, they have waited a reasonable time for the payment of said draft, to wit: from thence hitherto, and a reasonable time has expired since the making of said promise, and the plaintiffs have, to wit: on the 1st day of January, A. D., 1867, and at divers other times, demanded payment of said draft of the defendants, and the plaintiffs say that the defendants, not regarding their said promise and undertaking, have neglected and refused, and still neglect and refuse, to pay said draft, and the same is still unpaid.

*Bisbee & Grout*, for the plaintiffs.

The declaration shows that the defendants' promise arose from a consideration *distinct* from the original debt or the liability of Jackson. It sprung from a *new* and *independent* transaction which moved to the defendants an *original substantive* benefit. It is such a promise to pay the debt of another that, while resting in parol, as in ordinary cases, does not fall within the statute of frauds, because founded upon a *new* and *original* consideration. It is considered in the light of an original promise and given the same validity. This doctrine is too thoroughly settled to be questioned. *Williams* v. *Leper*, 3 Burr.; *Leonard* v. *Vredenburg*, 8 Johnson; *Farley* v. *Cleveland*, 4 Cowen; *Fullam* v. *Adams*, 37 Vt.

*Edwards & Dickerman*, for the defendants.

The opinion of the court was delivered by

WILSON, J. The questions in this case arise upon general demurrer to the declaration. We hold that the declaration is insuf-

ficient, first, because it does not show any consideration for the defendants' promise, and second, because the alleged promise is within the statute of frauds. The substance of the descriptive averments of the alleged cause of action is that one J. Jackson, and other parties interested with him in certain mines, *parted with and disposed of a great portion of their interest in said mines, to and in favor of the defendants, by conveying the same to a corporation or company in which the defendants were large proprietors and shareholders* ; that the defendants, in consideration of said conveyance, then and there promised the said Jackson they would pay to the plaintiffs the draft mentioned in the declaration, which said Jackson owed to the plaintiffs, and that afterwards the defendants called on the plaintiffs and *verbally* promised them to pay to them the amount of said draft. In assumpsit no consideration can be implied on demurrer to the declaration, but it should contain a statement of *facts* showing a sufficient consideration to support the alleged promise. The declaration in this case does not allege that the defendants purchased the property and directed that it be conveyed to said corporation, or even state that it was conveyed to the corporation at the defendants' request. It assumes that *conveying the mines to the corporation was disposing of them to and in favor of the defendants*, and this assumption rests solely upon the alleged fact that the defendants were proprietors and stockholders in said corporation. But the corporation and its rights and liabilities are distinct from those of the defendants, and their property, rights and liabilities are distinct from those of the stockholders.

The fair construction of the declaration is, that the defendants, after the conveyance, and in consideration that it had been made, promised Jackson that they would pay his debt to the plaintiffs, and also promised them they would pay it. But construing the declaration as stating the promise to Jackson to have been made at the time of the conveyance and in consideration of it, would lead to the same legal conclusion, for the facts stated do not, at common law, constitute even a technical consideration for the promise. Nor would this be sufficient to uphold a parol promise by the defendants to pay Jackson's debt. Where the promissor has re-

ceived and holds funds or property for the purpose of paying the debt of another, and as the consideration of his promise to pay such debt, the promise is good though not in writing. In *Fullam* v. *Adams*, 37 Vt., 391, the court say, " The true principle why the promise to the creditor is valid without writing is, the party making the promise holds the funds of the debtor for the purpose of paying his debt, and as between him and the debtor it is his duty to pay the debt, so that when he promises the creditor to pay it, in substance he promises to pay his own debt and not that of another." By the conveyance the corporation received the property. It does not appear that the defendants received any funds or property devoted to the payment of Jackson's debt, or that they received any by said conveyance. The fact that the defendants were proprietors and stockholders in the corporation to which the conveyance was made, is not sufficient to uphold a verbal promise by defendants to pay Jackson's indebtedness to the plaintiffs. If the declaration had alleged that the conveyance was made to the corporation at the defendant's request, without further alleging such *facts* as would show that by the conveyance or transaction the defendants received funds or property devoted to the payment of said debt, and in consideration of the receipt of such funds or property they promised the plaintiffs to pay the debt, it would be insufficient to except the defendants' promise from the operation of the statute. The plaintiffs may amend their declaration, under the usual rules as to costs.

The judgment of the county court is reversed *pro forma,* and the cause remanded.