DURANT *v.* ALLEN.*

*Statute of Frauds.    Consideration.*

Defendant verbally promised plaintiff if he would not present his bill for doctoring her deceased husband in his last sickness for allowance by the commissioners, she would pay it; to which plaintiff agreed, and, relying upon said promise, forebore to present it. Deceased had no minor children, and his real estate was worth less than $500, and his personal estate less than $100, and the Probate Court assigned the whole to the defendant. *Held,* that the promise was within the Statute of Frauds, and without consideration.

ASSUMPSIT.  Plea, the general issue, and trial by jury, December Term,  1873.  Ross, J., presiding.  The testimony on the part of plaintiff tended to show that he was a physician, practicing at Danville ; that he was called to visit one Lemuel Allen in his last sickness, making in all fifty-one visits ; that defendant was the widow of said Allen ; that sometime in December, 1866, after the death of said Allen, plaintiff drew off his account against the estate of said Allen, and sent the same to defendant, and inquired if any steps had been taken to settle the estate ; that soon after defendant wrote to plaintiff, and requested him to call and see her ; that plaintiff soon called upon defendant, and defendant told him that she had only the house and place where she then lived, and the household furniture that her husband left her, and that if plaintiff would not trouble her, nor present his claim before the commissioners, nor prosecute the same against her husband's estate, she would pay his account, plaintiff telling her he would make a liberal discount, but the amount of discount was not agreed upon.  Defendant thereupon paid plaintiff five dollars on his account, and plaintiff, relying upon said promise of defendant, did not take any steps, nor try in any manner, to collect his account of the estate of said Allen.  After the settlement of the estate, defendant told plaintiff the judge of probate had given her all the property, and that she should not pay his account.  It was conceded that Allen left no minor children, and that defendant had all the property that he left at the time of his decease.

* Decided at the August Term, 1874.

The defendant's evidence tended to show that she never absolutely promised to pay plaintiff, but promised to pay him if she was ever able, and that she was poor and had nothing except what she could earn with her hands, and that she did not know as she should ever be able to pay him anything more ; that her husband left no more property than the homestead and the household furniture, which the judge of probate gave her, and that the homestead was not worth more than $450. The defendant used the judge of probate as a witness, who testified that Allen left no will ; that Charles Stark was appointed administrator of the estate; that David Goss and Judkins Randall were appointed appraisers upon the estate, and appraised the real estate at $450, and the household furniture at $99.50.

It appeared by the probate records that it was adjudged that the homestead vested in the defendant, and that the personal property was assigned to defendant Jan. 11, 1868; the real estate as a homestead, and the personal property for her estate and support forever, she paying the expenses of administration. To the admission of the above testimony of the judge of probate and of the records, plaintiff objected, but the court ruled that the proceedings of the Probate Court were admissible to show that defendant had never received anything to pay the plaintiff's account with; to the admission of which and to the ruling of the court, plaintiff excepted.

Both parties introduced testimony as to what the real estate was worth at the time of Allen's decease.

The court submitted the question whether plaintiff or defendant was right in their versions of the contract, to the jury, and also what was the value of the real estate of said Allen at the time of his disease, with instructions that were not excepted to. The court ruled as matter of law, that plaintiff could not recover in any event, as the contract as claimed by him came within the Statute of Frauds, and directed a general verdict for defendant. To the above ruling of the court, and to the directing of a verdict, the plaintiff excepted. The jury found specially, that defendant did verbally promise to pay plaintiff $38.26, if he would not pre

sent his claim against the estate of her husband, and that the real estate of said Allen ·was worth $480 at the time of his death.

*A. M. Dickey* and *Harry Blodgett,* for the plaintiff, cited *Lamson* v. *Hobart,* 28 Vt. 697 ; *Cross* v. *Richardson,* 30 Vt. 641 ; *Templetons* v. *Bascom,* 33 Vt. 132; *Fullam* v. *Adams,* 37 Vt 391; *Randall* v. *Kelsey,* 46 Vt. 158 ; *Olmstead* v. *Greenly,* 18 Johns 12; *Packard* v. *Richardson,* 18 Mass. 122; Chitty Cont. 513.

———— ————, for defendant, cited *Fullam* v. *Adams, supra* ; and also contended that there was no consideration to support the alleged promise of the defendant.

The opinion of the court was delivered by

Peck, J. The only exception relied on is to the ruling of the court, that upon the special finding of the jury the plaintiff could not recover, as the verbal contract claimed by the plaintiff came within the Statute of Frauds, and thereupon rendering judgment for the defendant; the defendant's counsel claiming that the contract was not within the Statute of Frauds.

The verbal promise relied on by the plaintiff clearly comes within the letter of the provision of the statute that " no action at law or in equity shall be brought, * * * to charge any person upon any special promise to answer for the debt, default, or misdoings of another," unless such promise, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized. The demand which the plaintiff had was not the· debt of the defendant, but the debt of another. It accrued in the lifetime of her husband, and solely against her husband, and so continued up to and at his decease, which event cast no liability upon the defendant on account of it. It still remained a debt against the estate of the deceased, with no means or remedy for its collection, except upon such of the property of the decedent as the law would appropriate to its payment. But the case shows that there was no property of the estate applicable to the payment of debts of the estate. The real estate consisted of a homestead that the Probate Court and the jury found to be of less

value than five hundred dollars, and which by law vested in the defendant without being subject to the debts of the deceased. The personal property was of so small value—less than one hundred dollars—that the Probate Court was authorized by law to set the whole of it to the defendant, the widow, which, together with the homestead, was assigned to the widow accordingly, in pursuance of the statute. The cases most relied on by the plaintiff, and urged as analogous to the case at bar—*Cross* v. *Richardson*, 30 Vt. 641, and *Templeton* v. *Bascom*, 33 Vt. 132—differ from this in an essential particular; this case being wanting in the very fact which constitutes the basis on which those cases rest. To bring the case at bar within the principle of those cases, it should be shown that in consideration of the defendant's promise, the plaintiff, at the instance of the defendant, discharged a lien which he had upon property of the original debtor for the payment of the debt, as in *Cross* v. *Richardson*; or that he discharged or surrendered to the defendant, in consideration of her promise, a right which he had to have his demand satisfied out of the estate of her deceased husband, as in *Templeton* v. *Bascom*. But no such fact is shown, but the contrary appears. There was no property of the estate upon which the plaintiff had any lien, or which the law would appropriate to the payment of his debt against the deceased. *Fullam* v. *Adams*, 37 Vt. 391, is an illustration of this principle. It is insisted on the part of the plaintiff, that " when the original demand is destroyed or discharged by the new parol agreement, the Statute of Frauds does not in general apply." But, on the decease of the original debtor, the only claim the plaintiff had left was against such of the property of the deceased, if any, as the plaintiff had a right by law to have appropriated to the payment of his demand. There being no such property, there was nothing valuable subsisting to be discharged by the new verbal agreement. The County Court properly held that the agreement was within the Statute of Frauds; and independent of the Statute of Frauds, there does not appear to be any sufficient consideration to uphold the defendant's promise. There was no error in the ruling of the County Court in directing a verdict for the defendant. Judgment affirmed.