# E. D. KEYES & CO. v. ALLEN AND MAYNARD.

RUTLAND COUNTY, 1893.

Before:  TYLER, MUNSON, START AND THOMPSON, JJ.

*Joint promise.  Consideration.  Statute of frauds.*

1.  If one promises for himself and another jointly, having no authority from the other, the promise will bind him alone.

2.  H. & M., being insolvent, executed a mortgage of their entire property to defendant, which recited that the mortgagors owed certain debts which the defendant had assumed and agreed to pay, and was conditioned to indemnify the defendant against all loss in that respect.  *Held*,

(*a*) That the mortgage was a good consideration for a promise by the defendant to pay the plaintiffs one of the debts of H. & M. to them.

(*b*) That it was immaterial whether the entire property mortgaged was sufficient to pay the entire indebtedness of H. & M.

(*c*) That the promise was an independent promise and not within the statute of frauds.

(*d*) That an intention upon the part of the defendant not to bind himself beyond the value of the property, would not affect the plaintiffs unless communicated to them.

Assumpsit.  Heard upon the report of a referee at the September term, 1892, TAFT, J., presiding.  Judgment for the defendant Maynard, and against the defendant Allen, who excepts.

On July 1, 1889, the firm of Humphrey & Macomber, who had been and were then engaged in trade at Fair Haven,

were owing a considerable number of debts and were in fact insolvent. Among other debts was one to the defendant Maynard and another to defendant Allen. For the purpose of securing the payment of these debts and giving them time to work out their other debts, Humphrey & Macomber on July 1, executed three chattel mortgages, covering their entire firm property, one to each of the defendants individually to secure their aforesaid individual debts, and a third to the defendants jointly.

The condition of the last mortgage was as follows :

" Provided, however, that it is a condition of the foregoing sale, assignment and transfer, that whereas said Humphrey & Macomber have outstanding several partnership creditors ; and whereas, the said Allen and Maynard have assumed and agreed to pay such indebtedness to said partnership creditors : Now, know ye, that if the said Humphrey & Macomber, their heirs or assigns, shall pay or cause to be paid unto the said Allen and Maynard on demand such sum or sums of money as the said Allen and Maynard may pay from time to time to liquidate such partnership indebtedness, and shall on demand indemnify the said Allen and Maynard against all damages that may accrue to them under said obligation ; and also keep said property fully insured against damage from fire in good insurance companies, and also pay all taxes assessed against said property, then this instrument to be null and void, otherwise to be of full force and effect."

At the time this mortgage was executed the defendants had promised to endorse the notes of Humphrey & Macomber, and had actually endorsed some.

The plaintiffs were creditors of Humphrey & Macomber and soon after the execution of the mortgage applied to the defendants and requested them to sign a note for the amount their due. The defendant Maynard refused to sign any notes or to say much about it. The defendant Allen did not sign a note but told the plaintiffs that they, the defendants, had the property and should pay. The referee found that the defendant Maynard never promised the plaintiffs to pay them

this debt and never authorized the defendant Allen to prom-
ise in his behalf; that the defendant Allen did promise;
that in the making of said promise he intended to bind
himself and Maynard jointly; that he did not intend to prom-
ise unconditionally, but only to the value of the property
mortgaged them; but that the plaintiffs were justified in
understanding that the promise was absolute, and refrained
from beginning proceedings in insolvency against the part-
nership upon the strength of it.

*Geo. M. Fuller* for the defendants.

The plaintiffs cannot sue upon the contract of the mort-
gage for they were not parties to it.   Dicey Par. ss. 10-38;
*Phelps et al.* v. *Conant*, 30 Vt. 277; *Crampton* v. *Ballard's
Admr.*, 10 Vt. 251.

There is no enforceable promise from the defendant to
plaintiffs.

(*a*)   There was no consideration.   *Mellen* v. *Whipple*,
1 Gray 317; *Dow* v. *Clark*, 7 Gray 201; *Millard* v. *Bald-
win*, 3 Gray 486.

(*b*)   It was within the statute of frauds.   *Quinn* v. *Han-
ford*, 1 Hill 82; *Houlditch* v. *Milne*, 3 Esp. 86; *Curtis* v.
*Brown*, 5 Cush. 488; *Chater* v. *Beckett*, 7 Term 201; *Nel-
son* v. *Braynton*, 3 Met. 396; *Cross* v. *Richardson*, 30 Vt.
641; *Sampson* v. *Hobert*, 28 Vt. 697; *Fullam* v. *Adams*,
37 Vt. 391; Brandt Suretyship, s. 51, p. 64.

*Geo. E. Lawrence* for the plaintiffs.

The mortgage is a sufficient memorandum in writing to
take the case out of the statute.   *Gilbert* v. *Vail*, 60 Vt.
261.

There was a good consideration.   *Wait* v. *Wait*, 28 Vt.
250; *Smith* v. *Rogers*, 35 Vt. 140; *Lampson* v. *Hobart*,
28 Vt. 697; *Cross* v. *Richardson*, 30 Vt. 641; *Templeton*

v. *Bascom*, 33 Vt. 132; *Elwood* v. *Monk*, 5 Wend. 235; *Farley* v. *Cleveland*, 4 Cowen 432; *Barker* v. *Bucklin*, 2 Denio 45; *Justice* v. *Talman*, 86 Penn. St. 147; *Merrill* v. *Englesby*, 28 Vt. 150.

The promise was an original one and not within the statute. *Farrall* v. *Cleveland*, 4 Cowen 432; *Arnold* v. *Lyman*, 17 Mass. 400; *Lawrence* v. *Fox*, 20 N. Y. 268; *Lampman* v. *Hobart*, 28 Vt. 697; *Templeton* v. *Bascom*, 33 Vt. 132.

MUNSON, J.   The chattel mortgage taken by the defendants covered all the property of the firm of Humphrey & Macomber.   It contained a recital that the firm had several creditors whose indebtedness the defendants had assumed and agreed to pay.   It was conditioned for the repayment of such sums as the defendants might advance in liquidating this indebtedness.   Soon after the mortgage was executed the plaintiffs called upon the defendants with reference to the payment of their claim.   Maynard made no promise of payment; but Allen said he understood they were holden for the account and that they should pay it.   Relying upon this promise, the plaintiffs refrained from filing a petition in insolvency.

It has been found that Maynard did not authorize the making of this promise to the plaintiffs, and a judgment in his favor has been rendered below.   This determination as to Maynard's liability does not affect the liability of his co-defendant.   It is true that Allen promised payment as of an obligation resting equally upon himself and Maynard; but, as he had no authority to bind Maynard, his promise must be given the same effect as if made for himself alone.   If the promise is such as will support an action, the plaintiffs are entitled to a judgment against Allen for the full amount of their claim.   *Greene* v. *Burton*, 59 Vt. 423.

The promise was not invalid for want of consideration.

The receipt of property from one person for the benefit of another will sustain a promise of payment to the person for whose benefit the property is received. It is said, however, that all the property mortgaged by Humphrey & Macomber was exhausted in the payment of claims for which the defendants had given their indorsements before the making of this promise to the plaintiffs. Assuming that this sufficiently appears, it does not determine that the promise to the plaintiffs was without consideration. The conveyance of the property by mortgage was a consideration for the promise, even though the security was insufficient to cover all the obligations assumed. Nor was the conveyance deprived of this effect by the course of the defendants in permitting the mortgagors to sell the goods and apply the avails. This manner of disposing of the mortgaged property will not enable the mortgagees to say that they have received nothing from the debtors.

An enforcement of the promise is not barred by the statute of frauds. The defendants having assumed the payment of the partnership debts in consideration of the mortgage, and the defendant Allen having thereupon promised to pay this debt, the case presented is not one within the statute. The defendants had placed themselves under a valid obligation to pay the debts of the firm before the making of this promise to the plaintiffs. The undertaking of the defendants, as recited in the mortgage, was not contingent upon a disposal of the property, nor restricted to the amount of its avails. This promise to the plaintiffs was for the payment of a debt which had already become, by arrangement with the debtor, an obligation of the promissor. A promise to pay the debt of another, when there has been an assumption of the debt by the promissor, in consideration of a conveyance from the debtor, is to be treated as an independent undertaking notwithstanding the continuance of the original

liability. *Wait* v. *Wait* 28 Vt. 350; *Fullam* v. *Adams*, 37 Vt. 391.; *Bailey* v. *Bailey*, 56 Vt. 400.

The finding that Allen in making this promise to the plaintiffs did not intend to make himself liable for the payment of anything more than might be realized from the property of the firm is not sufficient to relieve him from liability. It appears that the promise was absolute in terms and that the plaintiffs had no reason to believe it was intended to be otherwise; and that they in fact regarded the undertaking as absolute, and relied upon it as such to their detriment. It is certain that these findings leave no ground upon which the defendant can now be permitted to assert an intended limitation which he failed to express.

*Judgment affirmed.*