Hillsborough,
Dec., 1895.

### ROUNSEVEL v. OSGOOD.

A promise to pay for medical attendance upon those to whom the promisor has given a bond for support is not within the statute of frauds.

ASSUMPSIT, to recover for services as a physician. Facts found by the court. In consideration of certain real estate conveyed to her by her father and mother, the defendant gave them a bond for support during their lives. While this agreement was in force, the plaintiff attended the parents, made his charges to the mother, and was told by her to present his bill to the defendant, who would pay. After the services were rendered, the defendant told the plaintiff that if he would send his bill to her, she would pay him. This he did, but the bill was not paid. The services were necessary, the charges were reasonable and payable by the defendant under the agreement for support. The plaintiff first learned that the defendant had given a bond for the support of her parents after the services were rendered.

*Wason & Jackson*, for the plaintiff.

*E. S. & H. A. Cutter*, for the defendant.

CLARK, J. Under the defendant's agreement to support her parents during their lives, the plaintiff's bill for necessary services was her debt. The parents conveyed property to the de-

fendant as a fund for their support, and the defendant by accepting it upon that condition promised to pay the bills for their support. *Allen* v. *Thompson*, 10 N. H. 32; *Warren* v. *Batchelder*, 16 N. H. 580; *Arnold* v. *Lyman*, 17 Mass. 400; *Hall* v. *Marston*, 17 Mass. 575; *Mellen* v. *Whipple*, 1 Gray 317, 322; *Keyes* v. *Allen*, 65 Vt. 667; Bro. St. Fr., *s.* 187. The parents were authorized, as agents of the defendant, to employ the plaintiff to attend them. It is immaterial that the plaintiff did not learn of the defendant's liability until after the services were rendered. She had assumed the liability in consideration of the conveyance to her, and the debt was her own as it accrued. If the services were necessary and the charges reasonable, the defendant was bound to pay; and her promise to pay if the plaintiff would send his bill was a waiver of any objection to the character of the claim. It was a promise to pay her own debt, and not within the statute of frauds.

*Judgment for the plaintiff.*

WALLACE, J., did not sit: the others concurred.