O. R. GARFIELD, admr., et al., *vs* RUTLAND INSURANCE CO. and trs.

January Term, 1897.

Present: ROSS, C. J., TAFT, ROWELL, TYLER and MUNSON, JJ.

*Statute of Frauds—Offset in Trustee Process—Commissions.*

A trustee cannot deduct amounts which he has paid or become chargeable for upon agreements not binding by reason of the statute of frauds.

The trustees, who were agents of the defendant, orally guaranteed to policy holders the payment of unearned premiums upon their policies in case of cancellation by the defendant, and received from the defendant a commission in view of such guaranties. *Held*, that the guaranties were unenforceable, as within the statute of frauds, and that the trustees were not entitled to deduct from funds of the defendant in their hands the amounts paid by them thereunder.

The agents were entitled to a percentage of "the premiums received." *Held*, that this meant the premiums as and when received and not the balance after deducting the unearned portion in case of cancellation.

TRUSTEE PROCESS. Heard upon the report of a commissioner at the September Term, 1896, Windham County, *Start*, J., presiding. The trustees were adjudged chargeable and excepted.

*Clarke C. Fitts* for the trustees.

It was the custom for the trustees to pay the return premiums, and they should be allowed to deduct what they have thus paid. V. S. 1365; *Strong & Buck* v. *Mitchell*, 19 Vt. 644.

The trustees' undertaking was original and not within the statute of frauds. *Greene* v. *Burton*, 59 Vt. 423; *Farnham* v. *Chapman*, 61 Vt. 395.

The trustees, with the knowledge and for the benefit of the defendant, guaranteed by parol to refund the unearned premium to policy holders in case of cancellation. This at least placed them in the position of sureties for the defendant and they should be allowed to deduct whatever they have paid by reason of that relationship before disclosure. *Beach* v. *Boynton*, 26 Vt. 725; *Barney* v. *Grover*, 28 Vt. 391; *Rowell* v. *Felker*, 54 Vt. 526.

*Waterman, Martin & Hitt* for the plaintiffs.

The trustees were not authorized by the company to cancel their policies and pay back the unearned premiums. These payments were made by the trustees as guarantors by parol and the undertaking was unenforceable by reason of the statute of frauds. V. S. 1224; *Skinner* v. *Conant*, 2 Vt. 453; *Hazeltine* v. *Page*, 4 Vt. 49; *Strong* v. *Mitchell*, 19 Vt. 644; *Sinclair* v. *Richardson*, 12 Vt. 33; *Aldrich* v. *Jewell*, 12 Vt. 125; *Fullam* v. *Adams*, 37 Vt. 391.

The guaranty being a voluntary one creates no obligation upon the part of the defendant to reimburse the trustees.

MUNSON, J.   The trustees were the agents of the defendant company, with power to receive proposals for insurance, to fix rates of premiums, to receive moneys, and to issue policies and consent to their transfer. The policy used by the company contained provisions for its cancellation, and for a return of the unearned portion of the premium. In the transaction of their business, the agents sometimes found it necessary to guarantee the solvency of the company and the repayment of premiums in the event

of cancellation. In view of this situation, the company agreed to give the agents a commission of twenty per cent. in place of the fifteen per cent. before allowed. Subsequent to this, the trustees, in consideration that certain parties would take out policies in the defendant company, "guaranteed with each, by parol, the solvency of said company, and to refund to them the amount of unearned premiums" if the company should cancel their policies. The trustees seek to retain from the moneys in their hands the amount paid by them under these agreements. The plaintiff claims that these promises were collateral undertakings and not enforceable, and that the payments made upon them cannot be considered in determining the amount for which the trustees are chargeable.

It is held in this State that a trustee cannot be allowed amounts which he has paid out, or become chargeable for, on agreements not binding upon him because of the statute of frauds. *Hazeltine* v. *Page*, 4 Vt. 49; *Strong* v. *Mitchell*, 19 Vt. 644. So it becomes necessary to determine whether these promises were original or collateral undertakings. It has recently been said, upon a review of the cases involving this question, that both the English and American authorities are hopelessly in conflict, and that it can scarcely be said that any construction of the statutory provision on which the question arises is settled law. 95 Am. Dec. 251 note. This being the condition of the law, there is little inducement to depart from the decisions of our own State.

It is clear that there were two promises in this case, and that the second was not made original by an abandonment of the first. The liability of the company was contemplated by the arrangement, and its promise was tendered and taken with that of the agents. It is doubtless true that the main purpose of the agents was not to procure a benefit for the company, but to subserve a business interest of

their own.    In some jurisdictions this might be deemed sufficient to give the promise the character of an original undertaking.    But we cannot give it that effect without ignoring the doctrine of *Fullam* v. *Adams*, 37 Vt. 391.    It was held in that case that when the agreement is one which leaves the original obligation in force, it is to be regarded as collateral, unless the promissor receives something from the debtor to be applied upon the obligation, so that it becomes the duty of the promissor, as between him and the debtor, to make the payment.    It is clear that as between the company and the trustees it remained primarily the duty of the company to refund the unearned premiums.    There was nothing placed in the hands of the promissors as a provision for the payment.    The extra commission was merely to compensate the agents for the risks of a guaranty, and did not put them under an obligation to make the payment in discharge of the company.    So the trustees can retain nothing on account of payments made in fulfillment of these promises.

A question is raised as to what the trustees are entitled to retain on account of their services.    They were to have twenty per cent. of the moneys received by them on account of premiums actually paid.    We think this refers to the money received in regular course, and not to a balance determined by future cancellations.    This view seems to be supported by the use of the same phrase in the cancellation clause of the policy, which refers to the contingency of cancellation, "the premium having been actually paid."

*Judgment affirmed.*

*Taft*, J., doubting.