M. STEINERT AND SONS COMPANY *vs.* LAURA E. L. JACKSON.

Suffolk. November 23, 1905. — February 28, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Sale.*

If a piano dealer sells a new piano to a woman and agrees to take in exchange her old piano which has been injured in an elevator while being moved by an expressman and to look to the expressman for the difference in value, he cannot recover this difference from her if the expressman refuses to pay it.

CONTRACT for a balance of $300 alleged to be due for a piano sold by the plaintiff to the defendant. Writ dated April 18, 1902.

The answer contained a general denial and plea of payment. At the trial in the Superior Court before *Bell*, J. there was evidence tending to show that sometime in April, 1901, one of the plaintiff's agents and salesmen called on the defendant at her residence, pursuant to information previously given to him; that the defendant then told him that a few days before, while an expressman named Little, doing business as Danforth's Express, was moving her piano from an apartment hotel on Beacon Street in Brookline to a new residence, a freight elevator upon which was the piano with the men in charge of it fell and injured it; that the defendant said that the expressman had told her that he would pay for the repairs or furnish a new piano; that she said she had been informed that the repairs would cost about $300, and that by the payment of that sum her old piano could be exchanged for a new one; that the plaintiff's agent stated to her that she would be better satisfied to have a new piano rather than to have the old one repaired; that she stated that she would see the furniture mover, and, if she decided to have a new piano, would come into the plaintiff's store in Boston and select one; that a few days later she came to the plaintiff's store, saw another of the plaintiff's agents, told him of the occurrence above stated, and selected a piano as being satisfactory to her; that she told him to have it sent to her house, and to send the bill for the agreed price of $300 over and above the value of the old piano to Danforth's Express. There was evidence on the part of the defendant, denied on behalf of the plaintiff, that at this time the defendant told the plaintiff's agent not to send the piano to her until the plaintiff was satisfied that Little, called Danforth's Express, would pay the bill.

The piano was shipped by the plaintiff to the defendant, and the defendant's old piano was repaired and sold by the plaintiff. The plaintiff sent to Little a bill made out to Danforth's Express for $300 as the difference in price between the new piano and the old one. Little returned the bill, stating that he had not ordered the piano and would not pay for it.

There was evidence tending to show that on the night of the

injury to the piano Little told the defendant not to worry, that either he or the owner of the building would make it all right with her either by repairing the old piano or buying a new one, that on the next day Little was advised by counsel that he was not liable for the falling of the elevator, and notified the defendant that he was so advised and would not be responsible for the injury to the piano; and that this was before the defendant visited the plaintiff's store and selected the new piano.

After Little returned the bill to the plaintiff, the bill was sent to the defendant, and a demand was made for payment. The defendant refused payment, but retained the piano, making no effort to collect either from Little or the owner of the building any damage for the injury done to her piano. She did not offer, nor did the plaintiff request her, to return the piano in question to the plaintiff, nor to assign to the plaintiff any claim for damages which she might have as against Little or the owner of the building.

The plaintiff requested the following rulings:

1. On all the evidence the plaintiff is entitled to recover.

2. If the defendant ordered, received and has kept the piano, she must pay for it, unless on a fair preponderance of the evidence the jury should find that the plaintiff sold the piano to Danforth's Express through her as the agent of that express.

3. If the defendant received the piano expecting it to be paid for by the express company, her failure to return the piano on discovering that the express company repudiated responsibility amounts to a ratification of the sale to her, and she is liable.

The judge refused to make any of these rulings, but instructed the jury that if at the time the defendant ordered the piano of the plaintiff, it was agreed between the plaintiff and the defendant that the piano in question should be shipped to the defendant and title pass to her, but that the plaintiff should look to Little and to him alone for the payment of the sum of $300 agreed upon as the difference between the value of the old piano and the price of the new one, the plaintiff could not recover.

The judge at the conclusion of the charge stated that he did not charge the jury upon the supposition that the defendant was the agent of Danforth's Express, because he understood that the

defendant disclaimed that she was such agent.   The defendant made no objection to this statement.

The jury returned a verdict for the defendant; and the plain-tiff alleged exceptions.

*G. W. Anderson*, for the plaintiff.

*J. G. Forbes*, for the defendant.

MORTON, J.   This is an action of contract to recover a balance of $300 alleged to be due on account of a piano sold by the plaintiff to the defendant.   There was a verdict for the defendant, and the case is here on exceptions by the plaintiff to the refusal of the judge to give certain rulings asked for and to the rulings that were given.

We think that the rulings were right.   The question at issue was a simple one and related to the terms of the sale.   The defendant contended and introduced testimony tending to show that the plaintiff took her piano, which had been injured in an elevator while being moved by an expressman, and sold her a new piano, agreeing to look to the expressman for the difference, $300.   She disclaimed any authority to act for or represent the expressman, and no question of agency was involved.   The plaintiff denied that the contract was as represented by the defendant.   The judge instructed the jury, in substance, that if the plaintiff agreed to look to the expressman for the difference between the value of the old piano and the price of the new one, it could not recover from the defendant.   The jury found for the defendant.

There clearly was evidence for the consideration of the jury in regard to the terms of the sale, and no question of agency being involved the plaintiff's requests were refused rightly.

*Exceptions overruled.*