ANTONIO CONTI *v.* HARRY F. JOHNSON AND GEORGE W. MANN.

February Term, 1917.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 10, 1917.

*Statute of Frauds—Verbal Promise to Pay Another's Debt— Contracts — Consideration — Pre-existing Duty — Implied Promise—Joint Action—Separate Judgments.*

As a general rule, a verbal promise to pay the debt of another is collateral and within the Statute of Frauds, if the debtor continues liable after the promise is made.

Where plaintiff was employed by a contractor to plaster certain houses which the contractor was erecting, and the owner of the houses thereafter promised plaintiff that he would see him paid if he would complete the plastering at once, the owner's promise was collateral and was without consideration, because, under his agreement with the contractor, plaintiff was already bound to do the work.

The fact that plaintiff, who was employed by a contractor to plaster certain houses then under construction understood that the owner of the houses was to pay him and relied upon that understanding did not charge the owner unless the latter said or did something to justify that understanding.

The owner of houses under construction was not liable to one employed by the contractor to do the plastering upon the ground of an implied promise to pay the reasonable value for such service.

Separate and independent judgments cannot be rendered in a joint action.

ASSUMPSIT in the common counts. Plea, the general issue. Trial by the city court of the City of Barre, *Scott*, Judge. Judgment on facts found by the court that the plaintiff recover of defendant Mann the sum of $157 and of defendant Johnson the sum of $155. Defendant Mann excepted. The opinion states the case.

*E. R. Davis* for defendant Mann.

The alleged promise of defendant Mann was within the statute of frauds, since defendant Johnson was not to be released thereby. *Cole* v. *Shurtleff,* 41 Vt. 311; *Anderson* v. *Davis,* 9 Vt. 136; *Fullam* v. *Adams,* 37 Vt. 391; *Newell* v. *Ingraham,* 15 Vt. 422; *Johnson* v. *Daniels,* 62 Vt. 419; *Sinclair* v. *Richardson,* 12 Vt. 33; *Buchanan* v. *Paddleford,* 43 Vt. 64; *Williams* v. *Little,* 35 Vt. 323.

A judgment cannot be rendered against one defendant for one sum, and against a co-defendant for another sum. *Metropolitan Washing Machine Co.* v. *Morris et al.,* 39 Vt. 393.

*J. Ward Carver* for plaintiff.

The judgment against each defendant was not error. P. S. 1530; *Armour & Co.* v. *Ward & Co.,* 78 Vt. 60; *Hurlburt* v. *Hendy,* 27 Vt. 245; *Powers* v. *Thayer et al.,* 30 Vt. 363; *Reynolds* v. *Field,* 41 Vt. 225.

Defendant Mann was jointly and severally liable to the plaintiff. *Cunningham* v. *School Dist.,* 74 Vt. 115.

MILES, J. This case comes here from the Barre city court on exception by defendant Mann. The action is against him and Johnson jointly in general assumpsit. The plea is the general issue, and the trial and facts found were by the court and judgment was rendered severally against each defendant, against Johnson for $155 and against Mann for $157. The specifications were in two items, one of which was for $155 for labor and material furnished to defendants jointly, and the other item was for $2 for labor and material furnished Mann on his own individual account.

The findings briefly stated are that Johnson entered into a contract with Mann to build on his land four houses and in the performance of that contract Johnson hired the plaintiff to do the plastering and furnish the material for the same, for which Johnson was to give the plaintiff $620 for the entire job, to be paid for as each house was completed. Upon the completion of the first house, Mann paid Johnson $100 which was immediately passed by Johnson to the plaintiff in the presence of Mann and afterwards Mann gave Johnson his check for $55 which Johnson indorsed and passed over to the plaintiff in full payment for labor and material furnished for the first house.

Afterwards and before the plaintiff commenced work on the second house, Mann met the plaintiff on the street and told him that he (Mann) "was in a hurry to get the second house finished and he wished he would go down and do it at once and he would see that it would be settled for"; that the plaintiff then understood that Mann was to pay him as soon as the second house was completed; that after he had finished plastering the second house, at different times, he requested payment which was refused by Mann; that there was no evidence showing a rescission or repudiation of the contract between plaintiff and Johnson; that there was no other agreement between plaintiff and Mann than what occurred on the street above stated, and that the charge against Mann is for one-fourth of what the plaintiff was to receive from Johnson for the four houses; that there was no evidence in the case that the plaintiff would not have done the work upon the second house if he had not had the talk with Mann upon the street, above stated; that the plaintiff did the work upon the second house relying upon the credit of Mann and his promise to see him paid for it; that the item of $2 was against Mann personally; that Mann was upon the premises from time to time during the work upon both houses and knew that the work was being done and material furnished by the plaintiff.

At the close of all the evidence Mann moved for judgment on the ground that he could not be held on a verbal promise to pay the debt of another. The motion was overruled and Mann was allowed an exception. He also excepted to the finding that he promised to pay the $155 on the ground that there was no evidence supporting it, and because no separate judgment could be rendered against joint defendants, and that no judgment could be rendered in such suit for the independent debt of one of the defendants. The transcript is made a part of the exceptions. No exception was taken by Johnson to the judgment against him.

Taking up the exceptions in the order in which the defendant treats them in his brief, we first consider his motion for a judgment. The motion is based upon the ground that the alleged promise is within the statute of frauds and is without consideration.

It is well settled in this State that a verbal promise to pay the debt of another, as a general rule, is collateral, if the debtor, after the promise is made, continues liable and that such promise

is within the statute of frauds. In *Anderson* v. *Davis,* 9 Vt. 136, 31 Am. Dec. 612, *Collamer,* Judge, says:

"If the defendant becomes holden to the plaintiff for his claim against Lamb," the debtor "as collateral to Lamb and the claim still remained against Lamb, it was within the statute; but, if the defendant was to assume the debt, and he alone to be holden, and Lamb to be discharged, then the contract was not collateral, but independent and not within the statute."

In *Sinclair* v. *Richardson,* 12 Vt. 33, *Collamer,* J., says:

"When an agreement is auxiliary to a subsisting agreement, which remains in force for the party now claiming on the new contract, then the new contract is collateral to the other and must be in writing. It is within the statute. But when the first contract is rescinded, superseded or abandoned so as not to be in force in the plaintiff's favor, then the new contract is independent and not within the statute."

In *Newell* v. *Ingraham,* 15 Vt. 422, *Bennett,* J., says:

"The rule is well settled that when the promise is ancillary to and in aid of the promise of another, it is within the statute of frauds. This will always be the case where there is no new and independent consideration and there exists another and previous liability."

In *Fullam* v. *Adams,* 37 Vt. 391, a leading case, very fully and carefully considered, the Court affirms the doctrine laid down in the foregoing cases, as a general rule, and states the exceptions to that rule, and sums up as follows:

"We know of no case in this state where the parol promise of one to pay the debt of another, has been upheld upon any other consideration than the receipt of some fund or other security, either from the debtor or the creditor, charged with the payment of the debt, so that a trust or duty was created thereby to pay the debt, and so that in making the payment of the debt he was really fulfilling an obligation of his own. When carried further than this, the statute is really repealed."

The Court further along in the opinion says:

"If the leading purpose and object be to guarantee or become responsible for the payment of a third person's debt, then the promise is within the statute, although it may be founded upon a consideration directly between the parties."

To show that the following cases are in harmony with the above rule, the court carefully analyzes *French* v. *Thompson,*

6 Vt. 54; *Lampson* v. *Hobart,* 28 Vt. 697; *Cross* v. *Richardson,* 30 Vt. 641, and *Templeton* v. *Bascom,* 33 Vt. 132; cases sometimes referred to as authority that where the promisor receives a new and valuable consideration, the promise, though collateral, is not within the statute, and shows that they are cases, when rightly considered, not in conflict with the rule laid down in *Fullam* v. *Adams.* In the same line with *Fullam* v. *Adams, supra,* are: *Cole* v. *Shurtleff,* 41 Vt. 311, 98 Am. Dec. 587; *People's Bank* v. *Adams,* 43 Vt. 195; *Durant* v. *Allen,* 48 Vt. 58; *Bailey* v. *Bailey,* 56 Vt. 398; *Garfield* v. *Insurance Co.,* 69 Vt. 549, 38 Atl. 235; *Keyes* v. *Allen,* 65 Vt. 667, 27 Atl. 319, and 20 Cyc. 164. In *Garfield* v. *Insurance Co., supra,* the scope of the holding in *Fullam* v. *Adams* is thus explained:

"When the agreement is one which leaves the original obligation in force, it is to be regarded as collateral, unless the promisor receives something from the debtor to be applied upon the obligation, so that it becomes the duty of the promisor, as between him and the debtor to make the payment."

No claim can be made in this case but that Johnson's liability continued the same after the alleged promise as before, because the plaintiff has taken a judgment against him in the same matter in which he seeks to hold Mann; and the case shows that the alleged promise was without consideration; that under his contract with Johnson the plaintiff was already bound to do what he did do, and nothing appears in the case that the plaintiff did otherwise than he would have done if no promise had been made by Mann; nor does the case show that the plaintiff in any way became liable to Mann on account of the alleged promise, and the plaintiff makes no claim that there was any consideration put into the possession of Mann with which to pay the plaintiff's demand against Johnson. The alleged promise, therefore, was collateral and within the statute; besides the evidence was not such as to support the finding that Mann promised to pay the plaintiff for plastering the second house and Mann's motion for judgment in his favor should have been granted. That the plaintiff understood that Mann was to pay him and relied upon that understanding, does not necessarily charge Mann. To have charged Mann because of the plaintiff's understanding Mann must have said or done something to justify such understanding, *Pocket* v. *Almon et ux.,* 90 Vt. 10, 96 Atl. 421, and the case does not show this.

Counsel for the plaintiff argue that because the work of the plaintiff was done upon the property of Mann and his property thereby increased in value, with full knowledge of that fact, an independent implied promise arose thereby to pay the plaintiff the reasonable value of such service; but the work was not done for Mann, though done upon land owned by him, but was done for Johnson under a contract with him who was bound by contract with Mann to do it for him, and whatever benefit accrued from the labor of the plaintiff upon the second house inured to Johnson in part performance of his contract with Mann.

Neither can the plaintiff recover in this suit against Mann for the $2 which the court found due the plaintiff from Mann, for separate and independent judgments cannot be rendered in a joint action; *Machine Co.* v. *Morris et al.,* 39 Vt. 393; *Green & Roberts* v. *Chapman et al.,* 27 Vt. 236. It is said in *Bank* v. *Wood et al.,* 12 Vt. 252: "Courts cannot take jurisdiction of distinct and separate claims against different persons in the same suit. It would lead to great confusion in the rights of individuals, as well as in the trials of causes, if such was the law." To the same effect is 1 C. J., par. 223, p. 1072, and note 15.

*Judgment of the city court against defendant Mann, reversed and judgment that he recover his costs.*