THURBER R. CHATFIELD *v.* DOROTHY E. FISH.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.
Submitted on briefs January 2—decided January 18, 1940.

*Claude B. Maxfield,* for the appellant (defendant).

*Norman M. Dube,* for the appellee (plaintiff).

PER CURIAM. This case was submitted upon an agreed statement of facts. The defendant owned a piece of property in the town of Warren which was occupied by her mother, Mrs. Aldrich, without a written lease and under circumstances which do not appear. The latter requested the plaintiff to render services and furnish materials on the property, which he did. He had no actual knowledge that the property belonged to the defendant. After completing the work, he from time to time rendered bills to Mrs. Aldrich and she made payments to him. She finally gave him her personal note for the amount remaining due and later paid a portion of it, together with interest. The

(712)

defendant visited her mother from time to time and knew that the plaintiff had rendered or was rendering services and furnishing materials at Mrs. Aldrich's request. Upon these facts the trial court rendered judgment for the plaintiff to recover of the defendant the unpaid balance of his bill. The plaintiff obviously relied upon the credit of Mrs. Aldrich and sought recovery from the defendant only when Mrs. Aldrich failed to pay the balance due him. Having performed the services and furnished the materials at Mrs. Aldrich's request and upon her credit, he cannot recover of the defendant even though they ultimately were of benefit to the latter by reason of her ownership of the property. *Sutton* v. *United States,* 256 U. S. 575, 580, 41 Sup. Ct. 563; *Conti* v. *Johnson & Mann,* 91 Vt. 467, 472, 100 Atl. 874; *Steinert & Sons Co.* v. *Jackson,* 190 Mass. 428, 431, 76 N. E. 905; *Miller* v. *Fisher,* 116 Miss. 350, 357, 77 So. 151; 3 Page, Contracts, § 1439. There was no mistake on the part of the plaintiff in rendering the services to and upon the credit of Mrs. Aldrich, or any other equitable ground upon which he can found a right to recover in quasi-contract. He voluntarily chose to proceed at the request of Mrs. Aldrich, without thought of liability on the defendant's part. If the defendant was enriched by the services rendered and materials furnished, she has not been enriched under such circumstances that she ought equitably to be required to compensate the plaintiff. Keener, Quasi-Contracts, 250; *Schleicher* v. *Schleicher,* 120 Conn. 528, 533, 182 Atl. 162. The plaintiff relies on *Fischer* v. *Kennedy,* 106 Conn. 484, 138 Atl. 503, and *Loomis* v. *Fifth School District,* 109 Conn. 700, 145 Atl. 571, but neither case supports his contention. In the former, the services were rendered in reliance upon the defendant's fairness and reasonableness in carrying out the terms of a certain contract

the benefits of which were lost to the plaintiff by reason of the defendant's failure to do so, and in the latter, the plaintiff made improvements for the benefit and on account of the defendant and the defendant accepted and used them when it might have continued to carry on its school without doing so.

There is error; the judgment is set aside and the case remanded with direction to enter judgment for the defendant.