A AND B BOILER COMPANY, INC. *v.* THE GARDE CORPORATION ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 55

Argued June 10—decided October 3, 1975

*Richard P. Kuzmak,* for the appellants (defendants Fisher et al.).

*Henry D. Marcus,* for the appellee (plaintiff).

SPONZO, J. During July, 1969, the plaintiff was called by Kenneth Namnoum to inspect fire damage to the boiler room in a building leased by the named defendant The Garde Corporation, hereinafter referred to as the corporation, from the defendants Bernard C. Fisher, Abe Fish, Morris Resnick, Melvin Winick, and Nicholas Poulos, hereinafter referred to as the owners. Namnoum was president of the corporation. The plaintiff inspected the damage and at the request of Namnoum presented a written quotation. Subsequently, the plaintiff installed a new burner and controls in the boiler room, according to the quotation agreed upon, for a price of $4,738.23. Since that debt remained unpaid, the plaintiff instituted this action against the corporation and the owners. The defendant corporation was defaulted for failure to plead and judgment entered. After trial to the court, judgment was entered in favor of the plaintiff against all the owners principally on the theory of unjust enrichment. From the judgments rendered, only the owners have appealed.

In the view which we take of this appeal, it is unnecessary to consider most of the owners' assignments of error. The determinative question presented to us is whether the facts support the conclusion that the owners will be unjustly enriched unless they are required to pay for the equipment installed and the work performed by the plaintiff.

"It is clear that in order to recover on the basis of unjust enrichment, it is necessary for a plaintiff to demonstrate two aspects of the transaction. First, it must be shown that the defendant was benefited; that is, he has received something of value. And second, it must be shown that the benefit was unjust; that it was not paid for by the defendant, to the detriment of the plaintiff." *Providence Electric Co.* v. *Sutton Place, Inc.,* 161 Conn. 242, 246.

The plaintiff has demonstrated that the owners have received a benefit. A new burner and other equipment were installed by the plaintiff in the owners' building. Nevertheless, the findings do not support the conclusion that that enrichment was unjust. The trial court found that the plaintiff did not rely solely on the credit of the lessee corporation but also relied on its knowledge of the owners and their credit. The evidence is clear that the plaintiff looked to the credit of the individual owners only after its bill, forwarded to the corporation, remained unpaid for a considerable period of time. The trial court further found that the owners carried fire insurance to cover the particular loss. Although evidence was presented regarding payment of insurance benefits to the owners for a fire loss, there was no evidence that the benefits were compensation for the particular loss at issue in this case.

Unjust enrichment is an equitable doctrine. *Franks* v. *Lockwood,* 146 Conn. 273, 278. "With no

other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed to examine the circumstances and the conduct of the parties and apply this standard." *Cecio Bros., Inc.* v. *Greenwich,* 156 Conn. 561, 564–65.

The plaintiff voluntarily chose to proceed at the request of Namnoum, a representative of the corporation, without considering the liability of the owners. The responsibility of the owners to maintain the building and pay for the plaintiff's work became an issue only when it was clear to the plaintiff that the corporation was not going to pay the plaintiff's bill. Under those circumstances we conclude that equity does not require the individual owners to compensate the plaintiff, even if they have been benefited by the services rendered and materials furnished by the plaintiff by reason of their ownership of the property. *Chatfield* v. *Fish,* 126 Conn. 712, 713.

Finally, we conclude that the record does not support the trial court's conclusion that the owners "knew or should have known that the plaintiff expected to be paid," and absent that conclusion the liability of the owners cannot stand. There is no evidence on which to base a conclusion that there was an implied contract between the plaintiff and the owners. The position that the lessee corporation acted as a mere agent for the owners in the transaction with the plaintiff cannot be supported by the record.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendants Bernard C. Fisher, Abe Fish, Morris Resnick, Melvin Winick and Nicholas Poulos.

In this opinion SPEZIALE and A. ARMENTANO, Js., concurred.