[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT (#134)
MEMORANDUM ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#141)
The defendant Tilcon Minerals, Inc. owns property in North Branford, Connecticut, which at has leased to the North Branford Volunteer Fire Department for one dollar per year until the year 2051. The plaintiff Acadia Builders has substantially completed work on a new firehouse pursuant to a contract with the fire department. Acadia Builders remains unpaid in the amount of approximately $42,000. The plaintiff now seeks to recover this amount from the defendant Tilcon under a theory of unjust enrichment.
The plaintiff and the defendant Tilcon have filed competing motions for summary judgment. A party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact and must also prove that it is entitled to judgment under the applicable principles of substantive law. D.H.R. Construction Co. v. Donnelly, 180 Conn. 430,434 (1980). The plaintiff seeks summary judgment claiming that the defendant Tilcon has been unjustly enriched because CT Page 6208 Tilcon's property has been substantially improved thereby benefiting Tilcon to the detriment of the plaintiff who has not been paid for its work. Conversely, the defendant Tilcon moves for summary judgment on the grounds that it was not a party to the contract, did not authorize plaintiff's work and was not unfairly, inequitably or unjustly enriched
"As an equitable right unjust enrichment is based on the principle that in a given situation, `it is contrary to equity and good conscience for the defendant to retain a benefit which has come to him at the expense of the plaintiff.'" Garwood and Sons Construction Co. v. Centos Associates Limited Partnership,8 Conn. App. 185, 187 quoting National CSS, Inc. v. Stamford,195 Conn. 587, 597 (1985). "To recover under unjust enrichment, the plaintiff must demonstrate: 1.) that the defendant has benefitted [benefited] from the transaction or has receiver something of value; and 2.) that the benefit was unjust, that is, was not paid for by the defendant, to the detriment of the plaintiff." Garwood and Sons Construction Co., 8 Conn. App. at 187; See also Providence Electric Co. v. Sutton Place, Inc., 161 Conn. 242, 246
(1971).
The defendant Tilcon asserts through the affidavit of Joseph Abate, Vice President of Tilcon Minerals, Inc., that Tilcon and its employees or agents had no role in the decision to build the new firehouse, Tilcon has not participated in the contract, arrangements, and construction of the new firehouse on the property it leases to the fire department, and to the best of Abate's knowledge, Tilcon does not now have and has never had a business relationship with the plaintiff.
In Chatfield v. Fish, 126 Conn. 712 (1940), the plaintiff provided services and furnished materials to occupant of certain property. Bills were rendered to the occupant, but some of these bills remained unpaid. Fish, 126 Conn. at 712. In Fish, the defendant lessor knew services were being rendered and material furnished to benefit the property. Id. at 713. The plaintiff relied upon the credit of the occupant of the land and sought recovery from the defendant only when the occupant failed to pay him. Under these circumstances, the court in Fish held that there was no equitable ground upon which the plaintiff could recover in quasi-contract. Id. at 713.
In AB Boiler Company, Inc, v. The Garde Corporation,32 Conn. Sup. 615, 616 (1975), the plaintiff made improvements to the property the corporation was leasing from its owners. When the corporation refused to pay the debt owed for the repairs and improvements, the plaintiff sought recovery from the property owners under a theory of unjust enrichment. Id. The determinative question on appeal was whether the property owners would be unjustly enriched unless they were required to pay for CT Page 6209 the equipment installed and the work performed by the plaintiff. Id. at 617. While the appellate court acknowledged that the owners received a benefit, the court noted that the "plaintiff looked to the credit of the individual owners only after its bill, forwarded to the corporation, remained unpaid for a considerable period of time." Id. at 617. The appellate session held that such facts did not support recovery under a theory of unjust enrichment. Id. at 617.
The facts in the instant case are substantially similar to the facts in both Fish and AB Boiler Company, Inc. in that the defendant Tilcon did not approve construction of the firehouse and recovery is sought from Tilcon only because the defendant Fire Department has not paid the amount due under the firehouse construction contract. Where such circumstances exist, Connecticut law does not support recovery under a theory of unjust enrichment. See Fish, 126 Conn. at 713; AB Boiler Company, Inc.32 Conn. Sup. at 617. Therefore, it is concluded that the defendant Tilcon is entitled to summary judgment.
Lastly, the conclusion that defendant Tilcon is entitled to summary judgment is not defeated by section 7(a) of the lease which allows the tenant fire department to construct any building or structure during the term of the lease. Such a clause in the lease does not amount to defendant Tilcon's authorization of the new firehouse where the lease states that all improvements to the land shall be made at the tenant's "own cost and expense" and the aforementioned uncontradicted affidavit Mr. Abate avers that Tilcon had no role in the decision to build a firehouse and did not participate in the contract, arrangements, or construction of the new firehouse.
For these reasons, it is concluded that the defendant Tilcon's motion for summary judgment (134) should be and is granted and the plaintiff's motion for summary judgment (141) should be and is denied.
Dorsey, J.